**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul James TAYLOR, Defendant–
Appellant.**

No. 92–6829.

United States Court of Appeals,
Eleventh Circuit.

Jan. 12, 1994.

G. Barker Stein, Jr., Armstrong, Vaughn & Stein, Daphne, AL, for defendant-appellant.

Richard W. Moore, Charles Kandt, Asst. U.S. Attys., Mobile, AL, for plaintiff-appellee.

Before HATCHETT and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Paul James Taylor appeals the judgment of the district court following his resentencing. Taylor is currently incarcerated, serving a 15–year sentence for convictions involving possession with intent to distribute cocaine. On appeal, Taylor argues that (1) the district court did not afford him his right of allocution and that (2) the court erred in ruling that his probation revocation and new sentence were not barred by his plea of double jeopardy.

The double jeopardy argument is meritless and does not warrant discussion. *See* 11th Cir.Rule 36–1. The failure to afford Taylor his right of allocution, however, requires a resentencing.

## I. FACTS AND PROCEDURAL HISTORY

In 1986, Taylor pled guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C.A. § 841(a)(2) (West 1981). He was given a suspended sentence and placed on probation for five years. In February 1990, the district court revoked his probation, finding that he had violated its terms by the unauthorized possession of a handgun and possession of cocaine. After revoking his probation, the court imposed a 30–year custody sentence. This court affirmed. *United States v. Taylor*, 931 F.2d 842 (11th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1191, 117 L.Ed.2d 433 (1992).

In April 1992, Taylor filed a motion pursuant to 28 U.S.C.A. § 2255 attacking his sentence on a number of grounds. Two grounds of attack are relevant here: Taylor alleged

that the court had enhanced his sentence under § 841(b)(1)(A) by treating him as one with a previous controlled substance conviction, and that the government's failure to file an information, pursuant to 21 U.S.C.A. § 851(a)(1) (West 1981), stating the previous convictions to be relied upon precluded enhancement of his sentence by reason of such convictions.[1] Taylor also attacked his sentence on the ground that the court had failed to afford him the right of allocution at the time of sentencing.

The Government's answer to Taylor's § 2255 motion conceded that its failure to file an information deprived the court of jurisdiction to impose an enhanced sentence, and recommended that he be resentenced. In response to the allocution claim, the Government asserted that the sentence was not subject to collateral attack on that ground, and that in any event the issue might be moot since at resentencing the court could cure any "defects as to allocution." The district court entered judgment setting aside the prior sentence in its entirety and scheduled a resentencing. The court found Taylor's allocution claim moot, noting that resentencing by the court would "cure any error ensuing from Taylor's alleged inability to present a statement in his own behalf."

At the scheduled resentencing hearing the defendant, with counsel, appeared in open court. Amazingly, neither the Assistant U.S. Attorney nor defense counsel suggested that the defendant be afforded an opportunity to address the court. No such opportunity was afforded, and the court sentenced Taylor to custody nunc pro tunc for fifteen years by amendment of the court's previous judgment.

Taylor's appeal following denial of his § 2255 motion (our Case No. 92–6841) was dismissed by this court for Taylor's failure to prosecute the appeal. The appeal before us is Taylor's direct appeal following his resentencing.

## II. ISSUE ON APPEAL AND STANDARD OF REVIEW

■ Taylor contends that the district court once again denied him his right of allocution, this time at the resentencing hearing. We review questions involving the legality of a criminal sentence *de novo. United States v. Giltner,* 972 F.2d 1563, 1564 (11th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2383, 124 L.Ed.2d 286 (1993).

## III. DISCUSSION

■ A defendant has the right to be present "at the imposition of sentence," Fed. R.Crim.P. 43(a), and before imposing sentence the court must "address the defendant personally and determine if the defendant wishes to make a statement...." Fed. R.Crim.P. 32(a)(1)(C). This right to be present and speak is constitutionally based. *United States v. Jackson,* 923 F.2d 1494 (11th Cir.1991) (citing *United States v. Huff,* 512 F.2d 66 (5th Cir.1975)[2]). In *Jackson* we observed that the defendant's right to be present extends to resentencing when an original sentencing package is vacated in its entirety on appeal and a case is remanded for resentencing. *Jackson,* 923 F.2d at 1496.

Though Taylor brought his challenge under § 2255, it could have been treated as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure.[3] *Hill v. United States,* 368 U.S.

---

**1.** This is a pre-guidelines case. Under 21 U.S.C.A. § 841(b)(1)(A) (West 1981), the maximum custody sentence is fixed at 15 years, but an increased sentence of up to 30 years is provided for a person convicted a second or third time on a controlled substance offense. Under 21 U.S.C.A. § 851(a)(1) (West 1981), however, no enhanced sentence can be imposed unless the United States Attorney files an information, before trial or entry of a guilty plea, stating the previous convictions to be relied upon.

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the

former Fifth Circuit handed down prior to October 1, 1981.

**3.** Taylor is subject to the version of Rule 35(a) in effect prior to amendment by Pub.L. 98–473, which provides in pertinent part:

(a) **Correction of Sentence.** The court may correct an illegal sentence at any time ...
The current version of Rule 35 permits a district court to correct an illegal sentence only upon remand from a court of appeals (Fed.R.Crim.P. 35(a)) or within seven days of imposition of sentence. (Fed.R.Crim.P. 35(c)). The Advisory Committee notes indicate that a district court

424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (section 2255 motion to vacate sentence could be considered Rule 35 motion to correct an illegal sentence); *United States v. Cevallos,* 538 F.2d 1122, 1127 (5th Cir.1976).

■ The district court was not required to vacate Taylor's sentencing package in its entirety and schedule a resentencing. In *Cevallos,* the court explained that failure to comply with § 851 only required a "reduction of sentence to the normal statutory maximum rather than ... [a] resentencing [hearing]...." *Id.* at 1125 n. 4 (explaining its previous holding in *United States v. Noland,* 495 F.2d 529 (5th Cir.1974)); *see also United States v. Olson,* 716 F.2d 850, 854 (11th Cir. 1983) (requiring a remand for reduction of sentence rather than a resentencing hearing). Accordingly, the district court could have simply entered an order amending Taylor's sentence. However, the district court "set aside and vacated" the original sentence and scheduled a resentencing.

■ The issue in this case is whether the defendant's right to be present and allocute extends to a resentencing hearing after the original sentencing package has been set aside in its entirety by the district court. Rule 43 explicitly mandates the presence of the defendant "at the imposition of sentence," but provides an exception to the presence requirement for a reduction of sentence pursuant to Rule 35. Rule 32(a)(1)(C) requires that the court afford the defendant the right to allocute "[b]efore imposing sentence."

We hold that the resentencing in this case, following as it did the complete vacation of the original sentencing package, constituted the imposition of sentence within the meaning of Rule 43 and Rule 32 and not merely a sentence reduction under Rule 35. As the Fifth Circuit recognized in *United States v. Moree,* 928 F.2d 654, 655–56 (5th Cir.1991), there is a distinction between modifications of sentences and proceedings that impose a new sentence after vacation of the original sentence. In the former instance, the defen-

could entertain a § 2255 motion challenging an illegal sentence once the seven day period has

dant's presence is not required, but in the latter, the defendant has a right to be present and allocute at resentencing. *Id.; see also Paul v. United States,* 734 F.2d 1064, 1066–67 (5th Cir.1984) (right of defendant to be present at sentencing extends to resentencing when such constitutes new sentence); *Johnson v. United States,* 619 F.2d 366, 369 (5th Cir.1980) (same).

As this was a resentencing after vacation of the original sentence, Taylor had a right to be present and allocute. The court did not address Taylor personally and determine if he wished to make a statement. It therefore denied him the right of allocution.

## IV. CONCLUSION

Taylor's sentence is VACATED and the case is REMANDED for a resentencing at which the defendant shall be present and afforded the right to allocute.