### UNITED STATES of America, Plaintiff–Appellee,

v.

### Samuel K. TIDWELL, Defendant–Appellant.

### No. 98–2710.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1999.

Decided May 28, 1999.

Keith C. Syfert, Daniel L. Olson (argued), Office of the United States Attorney, Rockford, IL, for plaintiff-appellee.

Howard B. Levy (argued), Chicago, IL, for defendant-appellant.

Before RIPPLE, DIANE P. WOOD, and EVANS, Circuit Judges.

EVANS, Circuit Judge.

Samuel K. Tidwell is before us for the third time. He was indicted, along with 19 others for being a member of a large-scale drug conspiracy operating out of Rockford, Illinois, between 1989–93. A jury convicted Tidwell on multiple charges and the district judge, Philip G. Reinhard, imposed a life sentence, mandated at the time by the federal sentencing guidelines. We denied Tidwell's direct appeal and affirmed his sentence (along with those of several other members of the same drug conspiracy) in *United States v. Evans*, 92 F.3d 540 (7th Cir.).

After *Evans* was decided, Tidwell returned to the district court and sought resentencing based on an amendment to the sentencing guidelines. The amendment, number 505, lowered the maximum base offense level dictated by the drug quantity table in U.S.S.G. § 2D1.1 from level 42 to level 38. See U.S.S.G.App. C, Amend. 505; U.S.S.G. § 2D1.1(c)(2) (Nov. 1, 1994). This amendment correspondingly reduced Tidwell's sentencing range from a mandatory term of life imprisonment to a range of 360 months to life imprisonment. Tidwell, sensing a ray of hope, returned to the district court seeking a reduced sentence.

In the district court, the government correctly conceded that Amendment 505 was retroactive by its inclusion in U.S.S.G. § 1B1.10(c) (Nov. 1, 1995). The government maintained, however, that a change in Edwards' sentence was not warranted in light of the traditional factors usually considered in imposing a sentence. *See* 18 U.S.C. § 3553(a). Judge Reinhard agreed and denied Tidwell's motion, stating: "Having considered the record, the reasons for imposing defendant's original life sentence and the factors enumerated in section 3553(a), the court finds that defendant's original sentence of life imprisonment is appropriate." Tidwell appealed and we considered his case a second time a little over a year ago.

On his second trip here, Tidwell challenged the denial of his motion for resentencing as inconsistent with U.S.S.G. § 1B1.10(b). He argued that at his original sentencing hearing the district court expressed concern that life imprisonment, although mandated by the guidelines, was too severe a sentence. According to Tidwell, the district court's statements showed that had Amendment 505 been in effect at the time of his original sentencing, the judge would have been moved to impose a sentence other than life imprisonment.

In resolving Tidwell's second appeal in an unpublished order, we wrote:

> Although the district court is not required to make specific findings as to each sentencing factor, the record must provide "a meaningful basis for reviewing the district court's consideration of the relevant factors...." *United States v. Bauer*, 129 F.3d 962, 968 (7th Cir. 1997) (concerning the factors the district court must consider before imposing a fine under U.S.S.G. § 5E1.2); *see United States v. Hale*, 107 F.3d 526, 530 (7th Cir.1997) (although 18 U.S.C. § 3553(a) provides that the district court "shall" consider certain factors, the sentencing judge need not make findings addressed to each of the relevant factors; rather, the sentencing court must make "comments reflecting that the appropriate factors were considered"). The district court's order denying Tidwell's motion for resentencing makes no mention of § 1B1.10(b) or the sentence the district court would have imposed had Amendment 505 been in effect at the time Tidwell was sentenced. In the original judgment, the district court wrote that life imprisonment was "imposed as required under sentencing guidelines—life imprisonment only option under guidelines," which perhaps suggests, especially when read with the court's comments at the initial sentencing, that it may

have imposed a different sentence if the guidelines had not mandated life imprisonment. Because the district court did not reference § 1B1.10 or the substance of that section when it denied Tidwell's motion for resentencing, we lack "a meaningful basis for reviewing the district court's consideration of the relevant factors."

(Citation omitted.) For the reasons just quoted, we vacated Tidwell's sentence and remanded the case for "resentencing in light of U.S.S.G. § 1B1.10(b)."

On remand Tidwell filed a motion for appointment of counsel and an affidavit from his wife, Sonja Tidwell. After ordering briefs as to whether Tidwell must be given an appointed attorney and have a hearing, as well as whether he must be personally present for "resentencing," Judge Reinhard, in chambers, decided "no" and declined to modify Tidwell's sentence. He issued an amended judgment and commitment order (with reasons) resentencing Tidwell to life imprisonment.[1] Tidwell is now here for the third time, challenging the latest order in his case.

Tidwell essentially challenges the procedures employed by Judge Reinhard when the case returned to the district court following our unpublished order. Was Tidwell entitled to the full panoply of rights usually associated with an original sentencing procedure, that is, a formal, in court hearing with counsel at his side and a right of allocution? Or could the judge proceed as he did-consider the submissions, particularly the policy statements in § 1B1.10 as he was directed to do, and enter an amended judgment and order "resentencing" Tidwell to a life term? We think the judge can proceed as he did, and therefore we affirm.

■■■ After our decision in *Evans*, all proceedings in the district court (and the

---

1. The dissent says (at page 8) that upon remand, "For the first time, the court was required to give thoughtful assessment to the length of time Mr. Tidwell would spend in

prison." There is, of course, nothing in this record to suggest that Judge Reinhard's reconsideration of Tidwell's sentence was anything other than "thoughtful."

review of those proceedings on appeal in this court) were pursuant to 18 U.S.C. § 3582(c)(2). The statute provides a post-conviction apparatus by which a prisoner can ask a district court to modify a term of imprisonment for any one of a number of reasons, including where an amendment to the sentencing guidelines lowers the defendant's original sentencing range. But a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution. In fact, a recent amendment to Rule 43 of the Federal Rules of Criminal Procedure (which took effect on December 1, 1998, while this appeal was pending) expressly clarifies that a defendant need not be present at a proceeding involving § 3582(c) (or Rule 35(b) or (c) for that matter). This makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed.

■ How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so. *See United States v. Townsend*, 98 F.3d 510 (9th Cir.1996), and *United States v. Whitebird*, 55 F.3d 1007 (5th Cir.1995). Judge Reinhard here clearly exercised his discretion in declining to appoint counsel for Tidwell, and we certainly cannot comfortably say that his discretion was abused, a finding we would have to make for Tidwell to prevail. *United States v. Marshall*, 83 F.3d 866 (7th Cir.1996).

The merits of Judge Reinhard's decision—that Tidwell would not get a reduced sentence—are not directly challenged (wisely) on this appeal, for that is a matter

again which lies within the peculiar discretion of the district court. It's true that the judge's "statement of reasons" form incorrectly notes that life imprisonment is the only option under the guidelines, but that statement, viewed with an eye on the whole record (the judge did say, correctly, in his written order that the new range was 360 months to life), can only be viewed as no more than a slip of the tongue or, in this case, a slip of the pen. Judge Reinhard knew he was free to go down from a life term for Mr. Tidwell, but the judge decided not to do so because Tidwell was a big-time player in a large-scale crack cocaine conspiracy who personally possessed an AK–47 semiautomatic assault rifle and several handguns. The judge also noted that several other coconspirators, with backgrounds similar to that of Mr. Tidwell, received life terms.

AFFIRMED.

RIPPLE, Circuit Judge, dissenting.

The right of a criminal defendant to address the court personally, to speak on his own behalf and to offer information in mitigation of his sentence, is a bedrock of our constitutional jurisprudence that can trace its lineage to the early common law. *See Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); *United States v. Barnes*, 948 F.2d 325, 328 (7th Cir.1991); Fed.R.Crim.P. 32.[1]

The purpose of the right of allocution is to give the defendant "the opportunity to present to the court his plea in mitigation." *Green*, 365 U.S. at 304, 81 S.Ct. 653. When addressing the court, he may "present any information in mitigation of punishment" to the court meting out the punishment. *Id.* Defense counsel's argument for mitigation cannot replace the defendant's right of allocution. *See id.*

---

1. This right of allocution prior to the imposition of sentence is required by Federal Rule of Criminal Procedure 32(c)(3)(C):

    (3) Imposition of Sentence. Before imposing sentence, the court must:

. . .

    (c) address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence.

As our court has made clear, however, this right of allocation "is implicated only before the imposition of sentence, not in all sentencing situations." *Barnes*, 948 F.2d at 329. Indeed, as our colleagues in the Fifth Circuit have put it, the "right of allocution embodied in Rule 32 does not exist merely to give a convicted defendant one last-ditch effort to throw himself on the mercy of the court." *United States v. Myers*, 150 F.3d 459, 463 (5th Cir.1998). Consequently, the courts of appeals have been required to delineate those resentencing situations in which policies embodied in the right of allocution are at stake and those in which its invocation would be superfluous. In undertaking this task, the courts, as a general matter, have distinguished between those situations in which a resentencing requires the modification of an existing sentence and those in which resentencing requires the imposition of a new one. For instance, when the resentencing is merely a sentence reduction or a straightforward correction, the court on remand can simply amend the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir.1996); *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir.1994). Similarly, if the defendant is a prisoner in federal custody and is resentenced on collateral review pursuant to 28 U.S.C. § 2255, he does not have the right to allocution under that section.[2] *See Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir.1997). Or, if the court must execute a deferred sentence, such as one that was suspended in lieu of a probationary period but reimposed when probation was revoked, the execution of that deferred but preordained sentence does not require a renewed right of allocution. *See Barnes*, 948 F.2d at 329.

By contrast, when the original sentence is vacated on appeal and the first sentence is nullified, the sentencing court starts the resentencing hearing with a "clean slate." *See id.* at 330. At that point, the court must make another sentencing determination and the defendant once again must be afforded the right to be present and to address the court personally before the court imposes a new sentence.[3] As we made clear in *Barnes*, when a defendant's prior sentence is vacated and he is being sentenced anew, "his right to personally address the sentencing judge was resuscitated at the final hearing regardless of whether he had previously exercised it." *Id.*

Mr. Tidwell's situation presents a rather unique situation, but the essential judicial task remains the same: to ascertain whether the policies that animate the right of allocution require his presence at the resentencing. Crucial to our analysis must be the fact that this resentencing is the first time that the district court exercised any discretion with respect to the punishment of Mr. Tidwell. Therefore, the resentencing hearing presented the first occasion in which the right of allocution was significant. At his original sentencing, Mr. Tidwell's sentence was a mandatorily imposed sentence of life without parole. The district court had no discretion. That sentence was vacated, however, because an amendment to the sentencing guidelines lowered the maximum base offense level of § 2D1.1 from level 42 to level 38 and, crucially, from a mandatory term of life imprisonment to a range of 360 months to life imprisonment. On resentencing, Mr. Tidwell therefore had a very justifiable reason to sense, as my colleagues phrase it, "a ray of hope." The

2. Section 2255 states that a "court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255.

3. *See United States v. Taylor*, 11 F.3d 149, 151–52 (11th Cir.1994) (per curiam) (vacating sentence because of district court's failure to accord defendant his Rule 32 right of allocution at resentencing); *see also United States v.*

*Turner*, 741 F.2d 696, 698 (5th Cir.1984) (vacating sentence to accord defendant a right of allocution at resentencing after probation revocation); *Paul v. United States*, 734 F.2d 1064, 1066–67 (5th Cir.1984) (vacating sentence to give defendant the right to be present at resentencing which constitutes a new sentence).

sentencing judge now had the discretion, this second time around, to mete out punishment anywhere on a scale from 360 months to life imprisonment. For the first time, the court was required to give thoughtful assessment to the length of time Mr. Tidwell would spend in prison. Mr. Tidwell therefore had a right to be present at the rehearing and to address the court pursuant to Rule 32. He had a right to describe to the court his evidence in mitigation and his conduct since the prior sentencing hearing. "The right to allocution is the right to have your request for mercy factored into the sentencing decision." *Barnes*, 948 F.2d at 329.

The sentencing court's refusal to allow Mr. Tidwell the opportunity to present his plea in mitigation at the only time when, as a practical matter, it could have made any difference, deprived him of an ancient right grounded in the common law and preserved by our Constitution. Accordingly, I respectfully dissent.