NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008[*]
Decided December 29, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1822

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee,* | for the Southern District of Illinois. |
| | |
| *v.* | No. 04 CR 40013 |
| | |
| BRUCE JOHNSON, | J. Phil Gilbert, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Bruce Johnson pleaded guilty and was sentenced to 100 months' imprisonment for conspiracy to distribute crack cocaine. *See* 21 U.S.C. §§ 841, 846. After the United States

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Sentencing Guidelines were amended to reduce the penalties for crack cocaine offenses, *see* U.S.S.G. App. C, Supp. 2007, amend. 706, Johnson asked the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(C), and the court appointed counsel. His attorney moved for a reduced sentence, and the district court reduced his sentence to 84 months' imprisonment.

Johnson does not challenge the district court's reasoning in imposing this sentence. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001). Instead, he argues that his counsel was ineffective for seeking a reduced sentence instead of a full resentencing. We have previously held that a prisoner seeking a sentence reduction does not have a right to appointed counsel. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). But even if Johnson had a right to effective assistance of counsel in his § 3582(C) proceeding, an attack on counsel's effectiveness is more properly brought on collateral attack than on direct appeal. *See* 28 U.S.C. § 2255; *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Jackson*, Nos. 07-1449 & 07-1577, 2008 WL 4553061, at *9 (7th Cir. Oct. 14, 2008). If Johnson wishes to raise that argument he may do so on collateral attack. The appeal is therefore

DISMISSED.