ORDER
Bruce Johnson pleaded guilty and was sentenced to 100 months’ imprisonment for conspiracy to distribute crack cocaine. See 21 U.S.C. §§ 841, 846. After the United States Sentencing Guidelines were amended to reduce the penalties for crack cocaine offenses, see U.S.S.G.App. C, Supp. 2007, amend. 706, Johnson asked the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(C), and the court appointed counsel. His attorney moved for a reduced sentence, and the district court reduced his sentence to 84 months’ imprisonment.
Johnson does not challenge the district court’s reasoning in imposing this sentence. See Fed. R.App. P. 28(a)(9)(A); Anderson v. Hardman, 241 F.3d 544, 545-46 (7th Cir.2001). Instead, he argues that his counsel was ineffective for seeking a reduced sentence instead of a full resentencing. We have previously held that a prisoner seeking a sentence reduction does not have a right to appointed counsel. See Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir.2007); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir.1999). But even if Johnson had a right to effective assistance of counsel in his § 3582(C) proceeding, an attack on counsel’s effectiveness is more properly brought on collateral attack than on direct appeal. See 28 U.S.C. § 2255; Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); United States v. Jackson, 546 F.3d 801, 813-14 (7th Cir.2008). If Johnson wishes to raise that argument he may do so on collateral attack. The appeal is therefore
DISMISSED.