**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 8, 2009*
Decided January 13, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 08-3099 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | |
| DEMILIOUS E. KELLY, *Defendant-Appellant*. | No. 1:01-cr-00316-2 Suzanne B. Conlon, *Judge*. |

### Order

Demilious Kelly asked the district judge to reduce his sentence under the current version of the crack-cocaine guidelines. That step is authorized by 18 U.S.C. §3582(c)(2) when the Sentencing Commission makes a revision to the guidelines retroactive. Amendment 706 supplies the necessary declaration of retroactivity. The district court calculated a range of 151 to 188 months under the revised guidelines and reduced Kelly's sentence from 211 to 188 months.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Kelly contends on appeal that the district court should have conducted a full resentencing, with a new presentence report and an adversarial proceeding at which Kelly would have the assistance of appointed counsel. But we held in *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), that proceedings under §3582(c)(2) are summary, and that a full resentencing is neither required nor authorized. See also USSG §1B1.10(a)(3). The district court was entitled to proceed, as it did, on the paper record. And although Kelly is disappointed that he did not receive a greater reduction, both the statute and the guidelines make a reduction discretionary; Kelly was not legally entitled to any reduction, and the reduction of 23 months that he received cannot be deemed legally inadequate. (The district court's statement of reasons does not consider any impermissible ground.) Nor was the district court compelled to depart from the 100-to-1 ratio between crack and powder cocaine. After *Kimbrough v. United States*, 128 S. Ct. 558 (2007), a district court is entitled to disagree with that ratio in any original sentencing proceeding. It is an open question in this circuit whether a district judge may do this in a resentencing under §3582(c)(2), given the limited scope of authority conveyed by that statute. But neither in an original sentencing, nor in any resentencing, is a district judge *compelled* to use any ratio other than the 100-to-1 ratio built into the Sentencing Guidelines.

Affirmed