NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. R. 32

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 8, 2009
Decided May 12, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, | ] Appeal from the United ] States District Court for ] the Northern District of |
| No. 08-3482 v. | ] Illinois, Eastern Division. ] |
| CLARENCE HANKTON, Defendant-Appellant. | ] No. 1:01-cr-00001-1 ] ] Charles R. Norgle, Sr., ]      Judge. |

**O R D E R**

Clarence Hankton is appealing the district courts refusal to reduce his 300 month prison sentence for distributing between 500 grams and 1.5 kilograms of crack cocaine in violation of 21 U.S.C. § 841(a)(1) even though he was eligible for the reduction under 18 U.S.C. § 3582(c)(2). In his appeal, Hankton claims that the district court abused its discretion when in his opinion it refused to exercise its discretion and properly consider his rehabilitative efforts and exemplary prison behavior. In November 2007, the Sentencing Commission lowered the base level offense for crack cocaine. U.S.S.G. Appendix C, Amdt. 706. Furthermore, the Commission made the base level reduction retroactive pursuant to 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10. Under 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a). to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." When determining whether to reduce a

sentence under 18 U.S.C. § 3582(c)(2), some of the factors the district court will consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, as well as the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further criminal activity on the part of the defendant. 18 U.S.C. § 3553(a). The district court's decision on whether to grant a reduced sentence is subject to review for an abuse of discretion. *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999).

In the facts before us, Hankton held the position of "King of Kings" in a violent and organized street gang known as the Mickey Cobras. Furthermore, he admitted to being involved in numerous illegal transactions involving significant amounts of cocaine that permeated deep within the community. In addition, he ordered the fatal beating of Annette Williams. However, the judge also considered Hankton's post conviction record of rehabilitation and satisfying compliance with prison rules as noteworthy. After analyzing the situation, he determined that reducing Hankton's sentence would not deter criminal conduct or promote respect for the law and might subject the public to the possibility of future crimes committed by Hankton. Exercising his discretion, the judge did not see fit to reduce Hankton's 300 month prison sentence.

We do not believe after reviewing the record before us that Hankton should be allowed to proceed pro se. It is clear from the record that the district court examined Hankton's pro se briefs when determining whether to reduce Hankton's sentence. Furthermore, it is clear the district court analyzed all the facts on the record along with the relevant factors in 18 U.S.C. § 3553(a) when it decided not to reduce Hankton's sentence. Thus, the court did not abuse its discretion. The judgment is AFFIRMED.