**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance
with Fed. R. App. R. 32

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted  May 8, 2009
Decided  May 12, 2009
Amended June 2, 2009

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL MANION, *Circuit Judge*

Hon. ANN WILLIAMS, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br><br>No. 08-3482  v.<br><br>CLARENCE HANKTON,<br>Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 1:01-cr-00001-1<br>]<br>] Charles R. Norgle, Sr.,<br>]     Judge. |

## O R D E R

Clarence Hankton is appealing the district courts refusal to reduce his 300 month prison sentence for distributing between 500 grams and 1.5 kilograms of crack cocaine in violation of 21 U.S.C. § 841(a)(1) even though he was eligible for the reduction under 18 U.S.C. § 3582(c)(2).  In his appeal, Hankton claims that the district court abused its discretion when it refused to exercise discretion and properly consider his rehabilitative efforts and exemplary prison behavior.  In November 2007, the Sentencing Commission lowered the base level offense for crack cocaine.  U.S.S.G. Appendix C, Amdt. 706. Furthermore, the Commission made the base level reduction retroactive pursuant to 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10.  Under 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a). to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." When determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), the district court considers the nature and circumstances of the offense, view into the petitioner's background, character, and conduct of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, as well as the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further criminal activity. 18 U.S.C. § 3553(a). Any request for a reduced sentence will be subject to abuse of discretion standard. *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999).

In the record, Hankton is referred to as the "King of Kings," the second highest position in the Mickey Cobras, a violent organized street gang. Furthermore, he admitted to being involved in numerous criminal activities involving significant amounts of cocaine and gang violence that permeated deep within the community. As an example of his criminal activities, Hankton ordered the fatal beating of Annette Williams for stealing $3000 from the Mickey Cobras. The sentencing judge specifically referred to Hankton's post conviction record of rehabilitation and satisfying compliance with prison rules and regulations as noteworthy. After weighing all of these facts, the sentencing judge determined that reducing Hankton's sentence would neither serve as a deterrent to criminal conduct nor promote respect for the law and might very well subject the public to the possibility of future crimes committed by and/or directed by Hankton. In the exercise of his discretion, the judge did not see fit to reduce Hankton's 300 month prison sentence.

After review of the record and application of the case law, we have determined that Hankton should not be allowed to proceed pro se. It is clear from the record that the trial judge examined Hankton's pro se briefs when determining whether to reduce Hankton's sentence. Furthermore, it is also clear the trial judge analyzed all the facts in the record along with the relevant factors in 18 U.S.C. § 3553(a) deciding not to reduce Hankton's sentence. Thus, the court did not abuse its discretion and the judgment is AFFIRMED.