UNITED STATES of America

v.

**Ariel JAVIER, Appellant.**

**No. 08–3350.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 23, 2009.

Filed: July 24, 2009.

---

Jennifer H. Chin, Esq., George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Richard Coughlin, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Ariel Javier appeals from the District Court's order granting his motion for modification of sentence under 18 U.S.C. § 3582(c)(2) and reducing his sentence to 136 months of imprisonment. We will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 15, 2006, Javier pleaded guilty to a two-count superseding indictment charging him with one count of intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and with one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846. Each count carried a mandatory minimum term of imprisonment of not less than ten years and a maximum term of life imprisonment.

The United States Probation Office prepared a Presentence Investigation Report using the March 2006 edition of the United States Sentencing Guidelines. The Probation Office calculated Javier's base offense level as 36 under U.S.S.G. § 2D1.1 and

recommended no adjustments. The resulting total offense level of 36, combined with Javier's criminal history category of II, yielded a proposed Guidelines range of 210 to 260 months of imprisonment.

At a sentencing hearing held on July 19, 2006, the District Court granted Javier a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility and a one-level reduction under U.S.S.G. § 3E1.1(b) for timely notification of intent to plead guilty. Consequently, the District Court lowered Javier's total offense level to 33, which resulted in an advisory Guidelines range of 151 to 188 months. After hearing the parties' arguments and thoroughly reviewing the sentencing factors set forth in 18 U.S.C. § 3553(a), the District Court sentenced Javier to 170 months of imprisonment on each count, to be served concurrently. Javier did not appeal.

Approximately two years later, on June 13, 2008, Javier filed a motion for modification of sentence under § 3582(c)(2), based on Amendment 706 to the Guidelines, which reduced the base offense level for most crack cocaine offenses by two levels. He requested that the District Court reduce his total offense level to 31, lower his Guidelines range to 121 to 151 months, and impose a new sentence at the bottom of that range. The Probation Office agreed that Javier was eligible for a sentence reduction and that his recalculated advisory Guidelines range would be 121 to 151 months, but did not make a recommendation as to whether the District Court should grant his motion.

On July 23, 2008, the District Court granted Javier's motion and, without conducting a hearing, reduced his sentence to 136 months, the midpoint of the lowered Guidelines range. Javier filed a timely notice of appeal, challenging his sentence.

## II.

On appeal, Javier argues that the District Court abused its discretion by failing to hold a hearing and by failing to provide an adequate explanation for the sentence that it imposed on him. He also contends that his sentence is substantively unreasonable. The Government disputes all these points, and in addition contends that we do not have jurisdiction to review the District Court's order.

As an initial matter, the Government's argument that we lack jurisdiction here is foreclosed by our decision in *United States v. Styer*, 573 F.3d 151, 152–53 n. 2 (3d Cir.2009). *Styer* also requires us to reject Javier's argument that he was entitled to a hearing. *See id.* at 154 ("How a court decides to consider a § 3582(c)(2) motion is a matter of discretion." (citing *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.1999))). The District Court here, like that in *Styer*, "sentenced [Javier] in the first instance, was familiar with the facts of the case and [thus was] in the best position to determine whether a hearing was warranted." *Id.* On this record, we do not believe that the District Court abused its discretion in denying Javier's request for a hearing.

We also reject Javier's argument that the District Court abused its discretion by failing to adequately explain its decision to reduce his sentence to 136 months. While the District Court did not specifically reference the § 3553(a) factors in reducing Javier's sentence, it undertook a comprehensive analysis of the factors in imposing his original sentence. And it was not required to consider his post-conviction conduct in determining the extent of the reduction. *See* U.S.S.G. § 1B1.10 cmt. n. 1(b)(iii) ("The court *may* consider post-sentencing conduct of the defendant that occurred after imposition of the original

term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction .... " (emphasis added)); *see also Styer*, 573 F.3d at 153–54 n. 4.

█ Finally, we reject Javier's contention that his sentence is substantively unreasonable. Because his sentence "falls within a broad range of possible sentences that can be considered in light of the § 3553(a) factors," *United States v. Wise*, 515 F.3d 207, 218 (3d Cir.2008), and " 'the record as a whole reflects rational and meaningful consideration' " of the § 3553(a) factors, *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir.2009) (en banc) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir.2007)), we will not second guess the District Court's sentencing decision.

## III.

For the foregoing reasons, we will affirm the District Court's order.