**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2012[*]
Decided August 14, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1519

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-240 |
| JUAN R. GONZALEZ, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Juan Gonzalez pleaded guilty to conspiracy to commit racketeering, 18 U.S.C. § 1962(d), 21 U.S.C. §§ 846, 841, involving at least 50 but less than 150 grams of crack cocaine. He was sentenced in 2009 to 108 months' imprisonment, below his guideline range of 140 to 175 months. In 2011 the Sentencing Commission retroactively implemented the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, reducing the base offense level for crimes involving crack. See U.S.S.G. app. C, amends. 748, 750, 759. This allowed prisoners whose ranges had been affected by the change to seek lower sentences

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See Fed. R. App. P. 34(a)(2)(C).

under 18 U.S.C. § 3582(c)(2). See *Dillon v. United States*, 130 S. Ct. 2683, 2688–89 (2010). In succession Gonzalez, proceeding pro se, and then the Federal Defender Service, acting on his behalf, sought to have his sentence reduced further, below his amended guidelines range. The district court settled upon 100 months, the bottom of Gonzalez's amended range.

Gonzalez timely moved for reconsideration, alerting the district court that he had not consented to the federal defender's motion and asking the court to consider his request for a below-range sentence. The district court summarily denied the motion.

On appeal, Gonzalez contends that the district court abused its discretion by basing its decision on the federal defender's motion and failing to consider his own arguments for a further reduction. Gonzalez was entitled to file his own motion. We are confident that the motion filed on his behalf by the federal defender was well-intentioned, but a prisoner in Gonzalez's position is entitled to speak for himself. He need not and should not have counsel thrust upon him over his objection. In fact, defendants pursuing relief under § 3582(c)(2) do not have a right to appointed counsel, see *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), though we recognize and appreciate the fact that many such defendants have benefitted from the help of federal defenders and others who have volunteered their services.

In the end, however, the tension between Gonzalez's own motion and the federal defender's motion on his behalf made no difference in the bottom line. Section 3582(c)(2) allows a district court to reduce a sentence only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under the amended version of the relevant policy statement, § 1B1.10, a district court may reduce a defendant's prison term below the amended guideline range only if the court originally imposed a below-range sentence "pursuant to a government motion to reflect the defendant's substantial assistance." U.S.S.G. § 1B1.10(b)(2) & cmt. n.3, n.6. That narrow exception excludes Gonzalez, whose original below-guideline sentence was not based on a government motion. The district court reduced his sentence as much as the law permitted, regardless of whether it was considering Gonzalez's own motion or the motion filed on his behalf, but apparently without his request or consent.

AFFIRMED.