[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14803
Non-Argument Calendar
_____

D.C. Docket No. 9:90-cr-08109-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EULALIO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 29, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Eulalio Lopez appeals the district court's denial, in part, of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and for a resentencing. He argues that the district court erred by: (1) denying his motion for a resentencing

hearing and his request to allow him to be present at a hearing; and (2) reducing his sentence on Count V from life imprisonment to 327 months' imprisonment.  After careful review, we affirm.

We review questions about the legality of a criminal sentence de novo. United States v. Taylor, 11 F.3d 149, 151 (11th Cir. 1994).  However, "the decision whether or not to grant an evidentiary hearing generally is committed to the discretion of the district court."  United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir.1992).  We review the district court's decision of whether to reduce a sentence under § 3582(c)(2) for abuse of discretion.  United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009).  A district court may abuse its discretion by failing to apply the proper legal standard or by failing to follow proper procedures. United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

First, we are unpersuaded by Lopez's claims that the district court erred by denying his motion for a resentencing hearing and his request to allow him to be present at a hearing.  We've observed that § 3582(c)(2) proceedings do not constitute a full resentencing of the defendant, and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  United States v. Bravo, 203 F.3d 77, 781 (11th Cir. 2000).  Thus, while it is true that Rule 43 states that a defendant must be present at sentencing, Fed. R. Crim. P. 43(a)(3), the rule also

2

provides that a defendant need not be present when a proceeding involves the correction or reduction of sentence under Rule 35 or § 3582(c). Id. 43(b)(4); United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009) (recognizing that Rule 43(b)(4) permits a court to hold a § 3582(c)(2) hearing without the defendant being present due to the limited nature of a resentencing under § 3582(c)(2)). As we've explained, a "defendant's right to be present extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing." United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir. 1991). In contrast, "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." Id. at 1497.

We've repeatedly held that a § 3582(c)(2) proceeding is not a de novo resentencing. United States v. Jules, 595 F.3d 1239, 1245 (11th Cir. 2010). We've also said that "although a hearing is a permissible vehicle for contesting any new information, the district court may instead allow the parties to contest new information in writing," as long as the parties have notice of and an opportunity to contest any new information the district court relies on in the proceeding. Id.

Here, the district court did not abuse its discretion in declining to hold a resentencing hearing on Lopez's § 3582(c)(2) motion or to allow his presence at a

3

hearing.  For starters, Lopez was only entitled to be resentenced on Count V, so his entire original sentencing package was not vacated.  Jackson, 923 F.2d at 1497. Additionally, Lopez's amended sentence was not more onerous than the original one because it was reduced from a maximum sentence of life imprisonment to 327 months' imprisonment.  See id.  Moreover, the court gave Lopez an opportunity to contest in writing any new information that the court would rely on.  In any event, Lopez did not have any new information to contest, since the only new information presented was his mitigating arguments for a downward departure, which he sufficiently requested in his motion to be resentenced.  Nor were any factual disputes at issue because the government acknowledged that Lopez was eligible for a reduction in his sentence based on Amendment 433, the government did not present new information, and it did not challenge his arguments for a downward departure.  Accordingly, the hearing on Lopez's § 3582(c)(2) motion did not constitute a full de novo resentencing, and the district court did not abuse its discretion in declining his request for a hearing or his request to attend a hearing.

We also find no merit to Lopez's claim that the district court erred by reducing his sentence on Count V from life imprisonment to 327 months' imprisonment.  A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any

4

reduction, however, must be consistent with the Sentencing Commission's policy statements. Id. When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. Dillon v. United States, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. Id.

When initially imposing a sentence, a district court shall consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any pertinent policy statement from the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5). When ruling on a § 3582(c)(2) motion, the court is not required to state how each factor applies to the defendant's case if the record shows that it considered the pertinent § 3553(a) factors. Smith, 568 F.3d at 927. The court can

5

demonstrate that it has considered the § 3553(a) factors, to the extent they are applicable, by stating which factors weigh against granting a sentence reduction, even if it does not present particular findings for each individual factor. See United States v. Brown, 104 F.3d 1254, 1255-56 (11th Cir. 1997) (affirming the denial of a sentence reduction where the district court mentioned the scope of the crack-cocaine conspiracy, the defendant's significant involvement, and his lack of remorse or acceptance of responsibility). The district court has discretion to determine how much weight to grant to a specific § 3553(a) factor. United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015).

Here, the district court did not abuse its discretion in reducing Lopez's sentence on Count V to 327 months' imprisonment because it properly conducted the two-step analysis in deciding Lopez's § 3582(c)(2) motion. First, it properly determined that Lopez was eligible for relief under Amendment 433. In recalculating his amended guideline range, it nevertheless determined that Lopez still qualified as an armed career criminal, which had not been affected by Amendment 433. The district court then properly recalculated Lopez's amended guideline range to 262 to 327 months' imprisonment, based on a total offense level of 34 and criminal history category of VI. Second, in determining that Lopez's sentence for Count V should be reduced, the court properly considered the § 3553(a) factors, including the nature of the instant offenses, Lopez's criminal

history, and the need to provide sufficient punishment and deterrence. In consideration of these factors, the court noted that while Lopez's behavior had improved over the last fourteen years, the aggravating circumstance of the instant offenses, as well as his extensive criminal history, warranted a sentence at the high-end of the advisory guideline range. On this record, we cannot say the district court abused its discretion in conducting its analysis or in imposing the sentence. See Jules, 595 F.3d at 1241-42 (stating what constitutes an abuse of discretion in a § 3582(c)(2) proceeding); Alvarado, 808 F.3d at 496 (asserting that the sentencing court has discretion to assign weight to the § 3553(a) factors).

**AFFIRMED**.