**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2419
_____

UNITED STATES OF AMERICA

v.

JULIO POLANCO SUAREZ, aka Sandy,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:18-cr-00121-001)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2025
_____

Before:  PHIPPS, CHUNG, and ROTH, <u>Circuit Judges</u>

(Filed: July 24, 2025)

Frederick W. Ulrich
Office of Federal Public Defender

100 Chestnut Street
Suite 306
Harrisburg, PA 17101
       Counsel for Appellant

Carlo D. Marchioli
Office of United States Attorney
1501 N 6th Street, 2nd Floor
Harrisburg, PA 17102
       Counsel for Appellee
       _____

OPINION OF THE COURT
       _____

CHUNG, Circuit Judge.

Julio Suarez pleaded guilty to conspiracy to defraud the government and aggravated identity theft in connection with a scheme to file false federal income tax returns. The District Court sentenced Suarez to seventy months in prison, a term of imprisonment at the top of his Guidelines range. During the pendency of Suarez's sentence, the Guidelines were amended in a way that provided for a lower Guidelines range. Suarez subsequently moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), which the District Court denied. On appeal, Suarez asserts that the District Court abused its discretion in various ways when denying his motion. We disagree and will affirm.

I.     BACKGROUND

From March 2009 to September 2016, Suarez participated in a scheme to file false federal income tax returns to obtain refund checks. Suarez's role in the conspiracy was to negotiate the sale of the refund checks to check-cashing businesses and to provide the checks to his co-conspirators. In April 2018, Suarez was charged with conspiracy to defraud the government, theft of government money, and aggravated identity theft. In August 2019, pursuant to a plea agreement with the government, Suarez pleaded guilty to conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.

The District Court calculated a Sentencing Guidelines range of thirty-seven to forty-six months on the conspiracy count based in part on Suarez's zero criminal history points. The aggravated identity theft count carried a two-year consecutive term of imprisonment. Thus, Suarez's total Guidelines range term of imprisonment was sixty-one to seventy months. In April 2021, after assessing the Section 3553(a) factors, the District Court sentenced Suarez to a total term of imprisonment of seventy months, including a sentence at the top of the Guidelines range for the conspiracy count.

In December 2023, Suarez filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a 2023 amendment to the Sentencing Guidelines, which altered the application of the Sentencing Guidelines to offenders with zero criminal history points.[1] In his motion, Suarez requested

---

[1] The District Court later appointed the Federal Public Defender's Office to represent Suarez. Appointed counsel filed a new motion for a sentence reduction and a supporting

that the District Court reduce his sentence to fifty-four months, the bottom of his new Guidelines range. In response, the government acknowledged Suarez's eligibility for a reduction but recommended a sentence of sixty-one months, a sentence at the top of the amended Guidelines range.

Although the District Court concluded that Suarez was eligible for a reduction, it declined to alter his sentence. The District Court reiterated its reasoning from Suarez's original sentencing and emphasized "a clear need…to impose a sentence that reflects the seriousness of [the] offense and promotes respect for the law and provides just punishment." App. at 8. It also "acknowledge[d] [Suarez's] … commitment to positive behavior and participation in prison programs" but determined that his post-sentencing "activities [did not] diminish [Suarez's] extensive and harmful criminal conduct." App. at 9 (cleaned up).

Suarez timely appealed.

II.     DISCUSSION[2]

---

brief. When we refer to Suarez's motion, we refer to the counseled motion.

[2]     The District Court had subject matter jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(2). This Court has jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

Usually, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress provided an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). In those circumstances, Section 3582(c)(2) authorizes a court to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In determining whether to grant a sentence reduction under Section 3582(c)(2), a district court must undertake a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a district court must determine the defendant's eligibility for a sentence reduction under U.S.S.G. § 1B1.10. *Id.* at 827. Second, the district court must determine, in its discretion, whether to grant a reduction in view of the Section 3553(a) factors and any applicable policies issued by the Sentencing Commission. *Id.*; *United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009) ("The determination as to whether a reduction is warranted…is committed to the discretion of the district court.").

In this case, it is undisputed that Suarez is eligible for a sentence reduction at step one. On appeal, Suarez challenges the District Court's decision to deny his motion at step two. He makes two arguments in support. He first asserts that the District Court abused its discretion by improperly applying the Section 3553(a) factors. Second, he contends that the District Court abused its discretion when it failed to justify an upward

5

variance from the amended Sentencing Guidelines. We are not persuaded by either argument.

A. The District Court's Consideration of the Section 3553(a) Factors

The District Court did not abuse its discretion in applying the Section 3553(a) factors. In denying Suarez's motion, the District Court reconsidered and incorporated its original analysis and demonstrated that it considered all required factors under Section 3553(a). *See generally* App. at 7-9, 68-69; *see also United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) ("The district court need not … make explicit findings as to each sentencing factor if the record makes clear that the court took all the factors into account.").[3] This includes considering "the nature and circumstances of the offense[s]" of conviction, § 3553(a)(1), under which the District Court noted that Suarez's "criminal conduct was extensive," continued over a period of seven years, involved "deliberate dishonesty and fraudulent intent … throughout the entire course of…conduct," and cost the United States at least $1.5 million. App. at 8. Moreover, the District Court highlighted "[t]he need to maintain the sentence imposed 'to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" App. at 9 (quoting 18 U.S.C. § 3553(a)(2)(A)). Finally, the District Court also "considered the need to 'protect the public from further crimes [by Suarez]'" by denying the motion and

---

[3] Although *Begin* is a sentencing appeal rather than an appeal from a resentencing, in both instances, the court need not make explicit findings if the record is clear that the court took all sentencing factors into account.

6

concluding that a sentence that was at the top of the original Guidelines range was appropriate. *Id.* (quoting 18 U.S.C. § 3553(a)(2)(C)).

Suarez argues that the District Court abused its discretion by failing to account for his rehabilitative efforts while incarcerated and by failing to adequately consider the aims of U.S.S.G. § 4C1.1. Contrary to Suarez's assertion, the District Court expressly "acknowledge[d] [Suarez's] … commitment to positive behavior and participation in prison programs." *Id.* (cleaned up). The District Court determined, however, that Suarez's activities while incarcerated did not "diminish [his] extensive and harmful criminal conduct" such that a sentence reduction was warranted. App. at 9. Suarez's disagreement lies only with the weight that the District Court afforded his rehabilitative efforts. That disagreement, though, is no basis to vacate the District Court's order. *See Styer*, 573 F.3d at 155 (a resentencing court's "weighing and consideration of multiple factors, [is] expressly left to a court's discretion, [and] is exactly the type of reasoned appraisal to which we defer on review." (internal quotations omitted)). This is especially so where, as here, the "petitioner's request for a sentence modification" is before "the same judge who had sentenced [the] petitioner originally." *Chavez-Meza v. United States*, 585 U.S. 109, 118 (2018).

The same is true for Suarez's argument that the District Court disregarded U.S.S.G. § 4C1.1's recognition that zero-point offenders pose little risk of recidivism. The District Court expressly considered the Sentencing Commission's reasons for passing U.S.S.G. § 4C1.1 but concluded that Suarez's circumstances were sufficiently distinct "from the cases which prompted the addition of U.S.S.G. § 4C1.1." As

7

is also clear from the order on review, the District Court did not "focus[] on the need to protect the public to the exclusion of facts showing that the public is not at risk from" Suarez. Br. at 12. Accordingly, we detect no abuse of discretion in the District Court's thorough and holistic application of the Section 3553(a) factors.

## B.    Suarez's Sentence is not an Upward Variance

"Where a court varies, and a party has raised cogent objections with legal merit that the variance is unjustified by the record, we require the court to explain why the variance is justified, with explanations of the relevant sentencing factors that go beyond mere formalism." *United States v. Ali*, 508 F.3d 136, 154 (3d Cir. 2007) (cleaned up); *see also United States v. Merced*, 603 F.3d 203, 216 (3d Cir. 2010). Suarez argues that his seventy-month sentence is now effectively an upward variance from the amended Guidelines range, thereby requiring the District Court "to provide an explanation different from the one it reiterated from the earlier sentencing." Br. at 14. We disagree. Suarez misunderstands the nature of Section 3582(c)(2) proceedings: a district court's decision not to reduce a petitioner's sentence does not constitute an upward variance from the amended Guidelines. This is because "a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." *Dillon*, 560 U.S. at 827. Nor does such a proceeding amount to "a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *Styer*, 573 F.3d at 154 (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the

defendant."). Rather, a district court fulfills its obligations under Section 3582(c)(2) when it "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion…the reduction authorized…is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. While the calculation of an amended Guidelines range is a necessary part of this process, *see* § 3553(a)(4), such a calculation does not transform the previously imposed, procedurally-sound sentence into an upward variance. So long as a district court appropriately considers the Section 3553(a) factors, it need not re-justify its original sentence as if it were imposed anew under the amended Guidelines. *See* U.S.S.G. § 1B1.10, cmt. ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence.").[4] Because the District Court adequately considered

---

[4] This is not to say that we may "*never*…require a more detailed explanation" from a district court if it denies a petitioner's motion in full or chooses a sentence reduction that is not "proportional" to the decrease in the petitioner's recommended sentence under the amended Guidelines range. *Chavez-Meza*, 585 U.S. at 116, 119 (emphasis in the original). This is because the amount of explanation required "depends…upon the circumstances of the particular case." *Id.* at 116. In some circumstances, for example, a "district court's use of a barebones form order in response to a motion like petitioner's would be inadequate." *Id.* at 119. But those circumstances are not before us. As explained above, the District Court's Opinion reflects that it considered the Section 3553(a) factors and expressly accounted for Suarez's post-sentencing rehabilitative efforts.

the Section 3553(a) factors, we discern no abuse of discretion in its denial of Suarez's motion.

III.    CONCLUSION

For the reasons set forth above, we will affirm the judgment of the District Court.