UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 6, 2005
Decided July 20, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-3307

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>WILLIE HERRON,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin<br><br>No. 04 CR 49<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Willie Herron pleaded guilty to a one-count indictment charging him with distributing 13.15 grams of crack to an undercover officer in violation of 21 U.S.C. § 841(a)(1). The indictment followed Herron's second arrest in two months for distributing crack. Prior to sentencing, a probation officer prepared a presentence report detailing Herron's sales of a total of 117.62 grams of crack to a confidential informant and an undercover officer. Given this quantity, the United States Sentencing Guidelines established a base offense level of 32. U.S.S.G. § 2D1.1(c)(4). After a three-level adjustment for acceptance of responsibility, the

probation officer set Herron's total offense level at 29. With a criminal history category of VI, the corresponding guideline range was 151 to 188 months.

After Herron entered his guilty plea on June 10, 2004, but before the sentencing hearing on August 25, this court decided *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). At sentencing the parties debated the effect of that decision, and the district court concluded that the guidelines could not be constitutionally applied in a mandatory fashion in Herron's case. Instead, the court stated that it would impose "a sentence consistent with the provisions at 18 U.S.C. § 3553(a)" and use the guidelines only in an "advisory" fashion.

Following this procedure, the court first identified the presentence report as a "reliable indicator in determining an appropriate sentence," and held that the proposed drug amount and criminal-history score in the report were "reliable, uncontested, and with a basis in fact." The court then examined Herron's lengthy criminal history, including his six prior felony convictions and three extended terms of imprisonment. Given this history, and the fact that Herron immediately returned to dealing drugs after being released on bond, the court concluded that Herron posed a great risk of recidivism and needed a term of imprisonment sufficient to insure against future criminal activity. Accordingly, the court sentenced Herron to 188 months' imprisonment and 5 years' supervised release. The court also recommended that Herron receive drug treatment in prison. Herron did not object to the district court's sentencing procedure.

On appeal Herron first argues that his sentence is unreasonable because, he contends, the district court failed to consider each of the factors listed in 18 U.S.C. § 3553(a). Herron's "proof" of this omission is the court's failure to specifically identify and discuss each factor. The problem with Herron's position is that it has been squarely foreclosed by *United States v. George*, 403 F.3d 470 (7th Cir. 2005), issued after Herron filed his opening brief. In *George*, this court held that district courts "need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *Id.* at 472-73. Herron concedes that the district court accurately calculated his guideline range and then selected a sentence at the high end of the range. Accordingly, this court may infer that the district court took the sentencing factors in 18 U.S.C. § 3553(a) into account in sentencing Herron to a reasonable sentence. *See id.*; *see also United States v. Mykytiuk*, No. 04-1196, slip op. at 3 (7th Cir. July 7, 2005) (holding that sentence within guideline range is entitled to rebuttable presumption of reasonableness).

Perhaps recognizing that this argument no longer has merit, Herron's reply brief focuses solely on his second argument, that the district court should have

imposed a shorter sentence because the guidelines punish crack offenses too severely relative to offenses involving powder cocaine. As support for this argument, Herron points to *United States v. Smith*, 359 F. Supp. 2d 771, 777 (E.D. Wis. 2005), in which the court explained that the sentencing guidelines, which punish one gram of crack the same as 100 grams of cocaine, "lack[] persuasive penological or scientific justification." However, the question in the present case is not whether a sentencing court may use the differential to impose a shorter sentence than the one recommended by the guidelines; the question is whether it is error for a court not to have taken the differential into account sua sponte.

Herron never presented this argument to the district court. He simply assumes that (1) the court failed to take the argument into account when sentencing; (2) the only "reasonable" resolution of the question would be to give Herron a lower sentence; and (3) the court was required to consider the question sua sponte. As discussed above, the first assumption is foreclosed by *George*. And the remaining assumptions are without merit.

Herron has cited no case after *Booker* in which an appellate court has held that it is unreasonable *not* to give a defendant convicted of an offense involving crack a lower sentence than the one recommended by the guidelines. *But see United States v. Rodriguez*, 406 F.3d 1261, 1288 n.11 (11th Cir. 2005) (listing several district court cases that have used the crack-powder differential to justify non-guideline sentences). Given the fact that this court has routinely upheld the differential against constitutional attack, *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997) ("In light of the fact that every constitutional challenge to the penalty differential . . . has failed, this argument cannot succeed."); *United States v. Booker*, 73 F.3d 706, 710 (7th Cir. 1996); *see also United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005) (reaffirming court's holding in *Booker*), and, under the pre-*Booker* guideline system, rejected wholesale downward departures from the guideline on this basis, *Booker*, 73 F.3d at 710 ("[E]very circuit court to address the issue has concluded a departure . . . on this basis is not warranted."), it would be inconsistent to require the district court to give a non-guideline sentence based on the differential.

Herron also fails to explain why the district court is required to consider the question sua sponte. Under the pre-*Booker* mandatory guideline system, a defendant's failure to present a motion for downward departure to the district court waived the argument on appeal. *See, e.g., United States v. Covarrubias*, 65 F.3d 1362, 1372 (7th Cir. 1995). Given the universe of possible considerations suggested by the factors listed in 18 U.S.C. § 3553(a), it is unreasonable to expect that a district court would be able to envision every possible argument for a non-guideline sentence sua sponte. *See United States v. Dean*, No. 04-3172, slip op. at 6-8 (7th Cir. July 7, 2005).

Accordingly, the judgment of the district court is AFFIRMED.