In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1863

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VICTOR A. YOUNG,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 00 CR 162—**James T. Moody**, *Judge.*

ARGUED DECEMBER 2, 2008—DECIDED FEBRUARY 12, 2009

Before CUDAHY, FLAUM, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge.* Victor Young pleaded guilty in
2001 to possessing crack cocaine with intent to distribute.
In 2007 the United States Sentencing Commission retro-
actively amended the crack cocaine sentencing guide-
lines, and Young asked the district court to appoint
counsel for purposes of pursuing a motion to reduce
his sentence based on that amendment. *See* 18 U.S.C.
§ 3582(c)(2). The court appointed counsel, the motion

was filed, and the government agreed that a sentence reduction was appropriate.

The district court, however, declined to reduce Young's sentence. The judge's decision was based in part on the contents of an addendum to the presentence report prepared at the court's request in connection with Young's motion. The addendum reported that Young had been sanctioned for more than a dozen incidents of misconduct while in prison. The judge thought this reflected poorly on Young's rehabilitation and indicated he would be a danger to the community if his sentence was reduced.

On appeal, Young challenges the process the district court used to decide the § 3582(c)(2) motion. He argues that if the court intended to rely on the new information about his record of prison infractions, he should have been given notice and an opportunity to contest it. We decline to impose the sort of procedural rule Young suggests is required in this context. The district court has substantial discretion to determine how it will evaluate a § 3582(c)(2) motion and whether to grant a sentence reduction. Here, Young had access to the addendum four days before filing his motion and could have addressed the information about his prison behavioral record in his initial submission to the court. Under these circumstances, the district court did not abuse its discretion in denying the sentence-reduction motion.

## I. Background

Victor Young pleaded guilty in 2001 to possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Although the sentencing guidelines recommended a sentence of 235 to 240 months' imprisonment, the district court imposed a below-guidelines sentence of 108 months. Nearly seven years after Young pleaded guilty, the Sentencing Commission reduced by two levels the base offense level for crack cocaine offenses. *See* U.S. SENTENCING GUIDELINES MANUAL, supplement to app. C, 226-31 (2008) (amendment 706). The Commission also decided to give retroactive effect to this guidelines amendment. *See* U.S.S.G. § 1B1.10(c). Young therefore became eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In February 2008 Young asked the district court to appoint counsel to represent him for purposes of pursuing a sentence-reduction motion under § 3582(c)(2). The district court did so, and in the order appointing counsel, the judge explained the framework he would use to evaluate Young's motion. The order directed the probation office to provide the government and Young's appointed counsel with copies of the original sentencing documents (the judgment and commitment order, the court's statement of reasons, and the presentence report). If, after reviewing these materials, Young's attorney determined there was a basis for a sentence reduction under § 3582(c)(2), counsel was to file the appropriate motion; if not, counsel was required to file a notice explaining why not, and Young would have 30 days to

respond. The court's order further directed that if a § 3582(c)(2) motion was filed, the probation office was required to "promptly prepare" an addendum to the original presentence report describing the new guidelines range and any information "regarding public safety considerations and defendant's post-sentencing conduct while incarcerated." Finally, the order directed the government to file a response to Young's § 3582(c)(2) motion within ten days of receiving the addendum. The order did not address whether Young would have an opportunity to respond to the addendum or reply to the government's response.

The probation office did not wait for Young to formally ask for a sentence reduction before starting work on his case. It moved quickly and filed its addendum four days *before* Young filed his § 3582(c)(2) motion. The addendum noted that the Bureau of Prisons had sanctioned Young 17 times for various incidents of misconduct in prison. Thirteen of those incidents came after Young had been sentenced. While most of these infractions involved Young's refusal to follow prison officials' orders, two involved physical altercations.

Because the probation office had completed the addendum ahead of schedule, both Young and the government had access to this new information about Young's record of misconduct in prison before filing their submissions. But neither side took his prison record into account in evaluating whether Young's sentence should be reduced. The parties had a slight disagreement over how to calculate the applicable guidelines range, but they

agreed that Young's sentence should be reduced by nearly two years. Young asked for an 87-month sentence; the government went a bit further and recommended an 86-month sentence. Neither side made any mention of the new information about Young's prison record, and no one asked for a hearing.

In contrast to the parties, however, the district court thought Young's poor behavioral record while in prison was important. By written order, and without holding a hearing, the judge denied Young's motion. Acknowledging that Young's guidelines range had changed and that he was eligible for a sentence reduction under § 3582(c)(2), the judge concluded that the various sanctions Young had accumulated while in prison did not bode well for his early rehabilitation. The judge explained that the incidents of prison misconduct, including "assault and fighting," raised "serious doubts about defendant's rehabilitation and indicate[d] that he is likely to be a danger to his community if released." The judge relied on the application notes to the pertinent Sentencing Commission policy statement, which provide that the court "shall consider" whether a sentence reduction would endanger the community and "may consider" the postsentencing conduct of the defendant. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii), (iii). Expressing concern about Young's "ability to abide by society's rules outside of prison given his apparent inability to do so in the structured environment inside," the court concluded that Young's existing sentence of 108 months remained appropriate and declined to grant a reduction.

## II. Discussion

Under 18 U.S.C. § 3582(c)(2), a district court may, either sua sponte or on a motion of the defendant or the Director of the Bureau of Prisons, reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In determining whether a § 3582(c)(2) sentence reduction is warranted, the application notes to the relevant Sentencing Commission policy statement tell the district court that it "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii), (iii).

Although sentence modifications under § 3582(c)(2) take into consideration the views of the government and the defendant, the decision is ultimately entrusted to the sound discretion of the district court; the judge's perspective, therefore, is most important. Section 3582(c)(2) provides that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (Emphasis added.) The statute thus confers upon the district court

substantial discretion—within the broad framework of 18 U.S.C. § 3553(a) and assuming consistency with the relevant policy statements of the Sentencing Commission—to decide whether a sentence reduction is warranted.[1] An agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant. Here, apparently neither Young nor the government thought Young's record of misconduct in prison was particularly important to the § 3582(c)(2) equation. But Young's inability to follow prison rules made an impression on the judge. The court concluded that Young's record of infractions suggested that releasing him early would endanger the community, making a sentence reduction imprudent.

Young does not challenge this substantive determination on appeal. Instead, he claims the judge erred as a procedural matter because he relied on information about postsentencing conduct identified in the addendum without giving Young an opportunity to investigate and contest that information. In essence he suggests that where (as here) a § 3582(c)(2) motion is unopposed, the district court must either: (1) grant it; or (2) if the court is inclined to deny it, then convene a hearing or otherwise allow the defendant an oppor-

---

[1] Neither party argues that the district court's decision was in any way *inconsistent* with the applicable policy statements of the Sentencing Commission.

tunity to respond to the court's tentative conclusion that no sentence reduction is warranted.

This argument assumes that Rule 32 of the *Federal Rules of Criminal Procedure*—or a procedure something like that prescribed by Rule 32—applies in this context. *See* FED. R. CRIM. P. 32(i) (court must verify that defendant has read and discussed presentence report and any addendum and give defendant a reasonable opportunity to comment on information relied upon at sentencing). But a § 3582(c)(2) proceeding does not trigger the same procedural protections that apply at sentencing. We have previously said that like other postconviction proceedings, a § 3582(c)(2) motion does not require a "do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999); *see also* U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing").

District courts thus have considerable leeway in choosing how to adjudicate § 3582(c)(2) sentence-reduction motions, and we evaluate procedural challenges to these proceedings under an abuse-of-discretion standard. *Id.* This essentially requires us to determine whether the process by which the district court resolved this § 3582(c)(2) motion was reasonable—a highly deferential standard. *Cf., e.g.*, *United States v. Paul*, 542 F.3d 596, 599 (7th Cir. 2008) ("A court abuses its discretion when it resolves a matter in a way that no reasonable jurist would, or when its decision strikes us as fundamentally wrong, arbitrary, or fanciful.").

Admittedly, the procedural framework the district court established for Young's motion left out a step we would ordinarily expect to see somewhere in the court's process. Under the timeline set forth in the court's order appointing counsel, the addendum to the presentence report was to be completed *after* Young filed his § 3582(c)(2) motion, and only the government was expressly given the opportunity to respond to the addendum's findings; the order was silent as to whether Young would have an opportunity to respond to the addendum or reply to the government's response. The better practice would have been to expressly provide *some* opportunity for the defendant to respond to potentially adverse information in the addendum.

Here, however, Young cannot complain about the process adopted by the district court because he neither objected to the procedural format nor asked for any opportunity to respond to the information in the addendum. Given the district court's substantial discretion in deciding how to adjudicate § 3582(c)(2) motions, the defendant bears the burden of asking the court for a different procedure if he wants an opportunity to comment on instances of postsentencing conduct identified by the probation office. Here, Young never requested an opportunity to investigate or contest the incidents of prison misconduct noted in the addendum. It is true that the court's order was silent on the subject of his response to the addendum, but to the extent Young believed that the order *prohibited* him from responding, he should have objected and asked for an opportunity to address it. We can hardly say that the

district court abused its discretion by not explicitly order-
ing a response when Young neither sought leave to re-
spond nor requested a hearing.

We have said the conduct of a § 3582(c)(2) proceeding,
including the decision whether to appoint counsel or
hold a hearing, is committed to the discretion of the
district court. *See Tidwell*, 178 F.3d at 949; *cf.* FED. R. CRIM.
P. 43(b)(4) (providing that a defendant's presence is not
required when the "proceeding involves the correction or
reduction of sentence under . . . 18 U.S.C. § 3582(c)"). This
means there is no *entitlement* to notice and an additional
opportunity to be heard whenever the court is inclined to
deny an unopposed § 3582(c)(2) motion.

Because this is discretionary territory, we have not
attempted to identify the minimum procedural protec-
tions that are required in § 3582(c)(2) proceedings, and
we do not do so today. Even if we assume, however, that
a defendant must have an opportunity to comment on
postsentencing conduct that the district court intends to
consider in deciding a § 3582(c)(2) proceeding, Young
had that opportunity here. In its order appointing
counsel, the district court signaled to the parties that it
considered Young's postsentencing conduct relevant by
asking the probation office for a report addressing any
"public safety considerations" and Young's "post-sentenc-
ing conduct while incarcerated." While the district court
need not provide advance notice of the specific factors
it will take into consideration in a sentence-reduction
proceeding (§ 3582(c)(2) and U.S.S.G. § 1B1.10 provide
the general factors), in this case, the court's order put the

parties on notice that the court considered Young's conduct in prison relevant. Thanks to the speedy work of the probation office, Young had access to the addendum four days before he filed his § 3582(c)(2) motion and could have addressed the information about his prison record in his initial submission. He therefore had an opportunity—albeit a short one—to challenge or explain his record of prison infractions.

At oral argument Young's attorney argued that four days was not enough time to investigate whether each of the sanctions imposed by the Bureau of Prisons was justified on the merits, suggesting that the district court may have based its refusal to reduce his sentence on erroneous information. This is pure speculation; in any event, Young bore the burden of asking the district court for more time to investigate the new information about his prison record if he thought it was erroneous. He did not do so. Under these circumstances, we cannot say that the district court's framework for adjudicating Young's motion was unreasonable.

Accordingly, the district court did not abuse its discretion in denying Young's § 3582(c)(2) motion. The judgment of the district court is AFFIRMED.