NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 21, 2009
Decided May 4, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3146

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> DAMON HILL, JR., <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:03 CR 6-02 <br><br> Rudy Lozano, *Judge*. |

**O R D E R**

In 2005, a jury convicted Damon Hill on all four counts asserted in a 2004 indictment. One of the four was a count charging possession of crack cocaine with intent to distribute. Hill was sentenced to concurrent terms of 108 months on three of four counts, including the crack charge. The fourth count, which is not involved in this appeal, required a mandatory consecutive sentence of 60 months. So the grand total of Hill's sentence was 168 months.

Hill filed a notice of appeal in 2007, but we dismissed it after his counsel filed an *Anders* brief arguing that he could discern no nonfrivolous issues to pursue. Eight months after his appeal was dismissed, however, Hill received a glimmer of hope: the guidelines relating to crack cocaine were amended and the change was made retroactive.

Seizing on this fortunate turn of events, Hill filed a motion with the district court seeking a reduction in his sentence on the crack count. He asked for a 38-month reduction, down to a term of 70 months. The district court granted the motion and reduced Hill's sentence, but only by 21 months, to a new term of 87 months. Although not required to do so, the judge also reduced Hill's sentence on the other two counts for which concurrent 108-month sentences were originally ordered. Hill appeals.

Hill first criticizes the district court's decision not to schedule a hearing on his motion. There are at least two reasons why Hill's criticisms are off the mark: he didn't request a hearing, and a hearing is not required in proceedings under 18 U.S.C. § 3582(c)(2), which allows defendants to seek a reduced sentence after a retroactive change to the guidelines. *See United States v. Young,* 555 F.3d 611, 615 (7th Cir. 2009); *United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir. 1999); *see also* FED. R. CRIM. P. 43(b)(4) (explaining that a defendant's presence is not required in a proceeding under § 3582(c)(2)); U.S.S.G. § 1B1.10(a)(3) (proceedings under § 3582(c)(2) are not a full resentencing). Instead, the district court's decision whether to hold a hearing is discretionary. *Young,* 555 F.3d at 614; *Tidwell,* 178 F.3d at 949. As if these problems were not enough, Hill does not identify any argument that was foreclosed because there was no hearing, nor does he otherwise establish the necessity of a hearing to decide his motion. The district judge did not abuse his discretion in deciding the motion without a hearing.

Finally, Hill complains that the district court did not consider the sentencing factors set forth in 18 U.S.C. § 3553(a). But that's a nonstarter. The court's three-page written order covers all the bases the judge was required to touch.

As we explained in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), Congress intended that courts sitting in § 3582(c)(2) proceedings follow the Sentencing Commission's policy statements as articulated in the guidelines. Those policy statements are found in U.S.S.G. § 1B1.10, which specifies that a proceeding under § 3582(c)(2) is not a full resentencing. Instead, district courts are to address only the change triggered by the retroactive amendment. To view § 1B1.10 as merely advisory and instead order a full resentencing in a § 3582(c)(2) proceeding would ignore Congress's express direction. Here, the district judge correctly adhered to Congress's command: He calculated Hill's sentence under the amended guideline and imposed a term of imprisonment at the high end of the new sentencing range based on the same considerations he weighed at the time he sentenced Hill to a term at the top of the now defunct guideline range. That Hill did not receive the reduction he asked for does not show that the district judge acted unreasonably in imposing the amended sentence.

AFFIRMED.