**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009[*]
Decided May 5, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2722

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 588 |
| MARC NORWOOD, *Defendant-Appellant.* | Suzanne B. Conlon, *Judge*. |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Marc Norwood was convicted in 2002 of possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), and the district court, after calculating a guidelines imprisonment range of 108 to 135 months, sentenced him to 120 months. Five years later, in late 2007, the Sentencing Commission reduced the base offense levels for some crack offenses and made the changes retroactive. *See* U.S.S.G. § 2D1.1(c); Guidelines Manual, Supp. to App. C 226-31 (2008) (Amendment 706); *see generally United States v. Lawrence*, 535 F.3d 631 (7th Cir. 2008). Norwood then moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706. The district court calculated a modified imprisonment range of 87 to 107 months and reduced Norwood's sentence to 107 months.

Norwood now appeals, insisting that he is entitled to an even greater reduction. He argues that because the district court originally imposed a sentence "equal to 88.88% of the high end of the guideline range" he should have been resentenced to "the same 88.88% of the high end" of the revised range. We review the court's decision for abuse of discretion. *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009).

Despite Norwood's arguments to the contrary, the district court was not required to impose a sentence at exactly the same percentage of the range as before. Indeed, § 3582(c)(2) merely "permits," but does not require, a court to reduce a defendant's term of imprisonment. *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008); *Young*, 555 F.3d at 614-15. And if a district court can decline to make any reduction, surely it is not required to impose an amended sentence at the exact same percentage of the original range. Norwood identifies no other reason why the term of imprisonment imposed constitutes an abuse of discretion.

AFFIRMED.