NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 12, 2009
Decided November 13, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2074

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-40095-001 |
| WILLIE BROWN PARKS, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Willie Brown Parks pleaded guilty to three counts of a four-count indictment for possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B) ("Count I"); possessing a firearm in the furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A) ("Count II"); and being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g), 924(a)(2) ("Count IV").  The district court sentenced Parks to 240 months' imprisonment.  Parks filed a notice of appeal, but his appointed counsel cannot identify any nonfrivolous arguments and has moved to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Parks declined our invitation to respond to counsel's submission, *see* CIR R.

51(b), so we limit our review to the potential issues raised in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At sentencing, the district court determined that Parks was responsible for 77 grams of crack cocaine, which resulted in a base offense level of 30 for both Counts I and IV, *see* U.S.S.G. § 2D1.1(c)(5). The court applied a six-level increase because Parks assaulted a police officer during an attempt to flee arrest, *see id.* § 3A1.2(c)(1), and a three-level reduction for Parks' acceptance of responsibility, *see id.* § 3E1.1(b). This resulted in a total offense level of 33. With Parks' criminal history category of IV, the guidelines range was 188-235 months, and the district court sentenced Parks to 180 months for Count I and the statutory maximum of 120 months for Count IV, *see* 18 U.S.C. § 924(a)(2), to run concurrently. The court also sentenced Parks to 60 months for Count II to run consecutively with these sentences. *See* U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A).

Counsel evaluates one argument: whether Parks could argue that the 180-month sentence for Count I, though below the appropriately calculated guidelines range, was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Although the guidelines are advisory, sentencing judges must consider the factors enumerated in § 3553(a). *See United States v. Booker*, 543 U.S. 220, 245, 261 (2005); *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007). Counsel does not challenge the guidelines range determined by the district court, but considers whether the sentencing judge may not have adequately accounted for Parks' troubled childhood, his relative youth, and his chances of rehabilitation.

As counsel acknowledges, however, the court mentioned these factors in determining Parks' sentence. Though sentencing courts must address the § 3553(a) factors, they need not explicitly articulate conclusions for each factor. *See United States v. Rhodes*, 552 F.3d 624, 627 (7th Cir. 2009). Even so, the sentencing judge explicitly considered the § 3553(a) factors at sentencing, noting that, while Parks was only 24 years old at sentencing, he was already a recidivist whose juvenile record began at the age of seven. Further, the court stated that any mitigating effect of Park's youth and troubled background had to be balanced against his continuing pattern of criminal conduct and the interest of protecting the public. Any argument that the district court failed to properly consider the § 3553(a) factors would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Parks' appeal.