**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cedric HAYES, Defendant–Appellant.**

No. 09–1069.

United States Court of Appeals,
Seventh Circuit.

Submitted and Decided Dec. 8, 2009.

Michelle L. Jacobs, Attorney, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Joy Bertrand, Attorney, Scottsdale, AZ, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge and RICHARD D. CUDAHY, Circuit Judge and ILANA DIAMOND ROVNER, Circuit Judge.

## ORDER

Cedric Hayes was convicted of possessing crack cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1), and was sentenced to 46 months' imprisonment. After the sentencing guidelines were amended retroactively to reduce the penalties for crack offenses, Hayes, through counsel, moved under 18 U.S.C. § 3582(c)(2) for a reduced sentence. The district court concluded that he was eligible for, but not deserving of, a lower sentence and denied the motion.

Hayes filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We invited Hayes to respond to counsel's motion, though he did not. *See* CIR. R. 51(b). Our review is limited to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

The revised offense levels for crack offenses lowered the upper end of the imprisonment range from the 46 months Hayes received to 37 months. But the district court explained that Hayes's pattern of drug dealing and his criminal history, not the small amount of crack involved in the offense of conviction, had motivated the sentence at the high end of the range, and given these factors the court did not believe that a lower sentence was appropriate. Counsel considered arguing that this decision was an abuse of discretion but recognized that it would be frivolous to do so. A district court has discretion to deny a § 3582(c)(2) motion even when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *see United States v. Young*, 555 F.3d 611, 615 (7th Cir.2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.1999), and that discretion is not abused when a court declines to lower a sentence because of the danger that early release would present to the community, *see* U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii); *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir.2009); *United States v. Borden*, 564 F.3d 100, 103–04 (2d Cir. 2009); *United States v. Johnson*, 564 F.3d 419, 424 (6th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 318, 175 L.Ed.2d 210 (2009).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.