**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009
Decided December 8, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1069

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 05-cr-71 |
| | |
| CEDRIC HAYES, | Rudolph T. Randa, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Cedric Hayes was convicted of possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 46 months' imprisonment. After the sentencing guidelines were amended retroactively to reduce the penalties for crack offenses, Hayes, through counsel, moved under 18 U.S.C. § 3582(c)(2) for a reduced sentence. The district court concluded that he was eligible for, but not deserving of, a lower sentence and denied the motion.

Hayes filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Hayes to respond to counsel's motion, though he did not. *See* CIR. R. 51(b). Our review is limited to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The revised offense levels for crack offenses lowered the upper end of the imprisonment range from the 46 months Hayes received to 37 months. But the district court explained that Hayes's pattern of drug dealing and his criminal history, not the small amount of crack involved in the offense of conviction, had motivated the sentence at the high end of the range, and given these factors the court did not believe that a lower sentence was appropriate. Counsel considered arguing that this decision was an abuse of discretion but recognized that it would be frivolous to do so. A district court has discretion to deny a § 3582(c)(2) motion even when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *see United States v. Young,* 555 F.3d 611, 615 (7th Cir. 2009); *United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir. 1999), and that discretion is not abused when a court declines to lower a sentence because of the danger that early release would present to the community, *see* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii)*; United States v. Johnson,* 580 F.3d 567, 570 (7th Cir. 2009); *United States v. Borden,* 564 F.3d 100, 103-04 (2d Cir. 2009); *United States v. Johnson,* 564 F.3d 419, 424 (6th Cir.), *cert. denied,* 2009 WL 2496372 (2009).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.