> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 7, 2009\*
Decided December 14, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

| | |
|---|---|
| **No**. 09-3213 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 99 CR 40026-JPG J. Phil Gilbert, *Judge*. |
| WILLIAM L. CURTIS, *Defendant-Appellant*. | |

**Order**

William Curtis is serving a sentence of 327 months' imprisonment for crack-cocaine offenses. That is the upper limit of his original Guidelines range of 262 to 327 months. After the Sentencing Commission reduced the ranges for crack offenses, and made those changes retroactive, Curtis asked the district judge to lower his sentence under 18 U.S.C. §3582(c)(2). The district court concluded that Curtis is eligible for a reduction and that his new range is 240 to 262 months. (The lower bound reflects a statutory minimum sentence.)

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The judge concluded that Curtis is not an appropriate beneficiary of the changes. The judge stated when sentencing Curtis that he would have ordered him to serve more than 327 months had he been allowed to do so, indeed that his crime and criminal history, combined with his reckless endangerment of officers and civilians when trying to escape, justified a sentence of life imprisonment. But the statutory maximum for his crime is 30 years, and until *United States v. Booker*, 543 U.S. 220 (2005), judges were obliged to follow the Commission's prescriptions. Considering all developments since the Curtis's sentencing, including *Booker* as well as the new Guideline range, the judge stated that he now thinks that 327 months is the right sentence.

Counsel has filed a motion to withdraw from the appeal and submitted a brief that complies with *Anders v. California*, 386 U.S. 738 (1967). Curtis was invited to respond, see Circuit Rule 51(b), and did so.

Counsel observes that §3582(c)(2) gives a judge discretion to reduce a sentence but does not compel the judge to use that authority. See *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009). Curtis responds that, by leaving his sentence in place, the judge has disregarded the Sentencing Commission's decision to reduce the ratio between crack and powder cocaine. But the judge did not "disregard" that decision. He found Curtis eligible for a reduction and recognized that the Commission favors 240 to 262 months. The judge well understood that a sentence of 327 months substantially exceeds the Commission's recommendation. The judge also explained why he thinks 327 months appropriate for Curtis's total conduct. The statute gives discretion to the district judge rather than the court of appeals. We do not see any non-frivolous argument that the sentencing judge's discretion has been abused.

Curtis wanted the district court to recalculate his range by deleting a two-level enhancement for obstruction of justice that had been one contributor to the original sentence. Curtis maintains that his high-speed flight from police, which ended in a crash, should not have been treated as obstruction. Section §3582(c)(2), however, permits a district judge to implement retroactive changes adopted by the Sentencing Commission; it does not require (or even permit) the district judge to start from scratch and reopen issues that could have been raised on appeal following the original sentencing. The Commission has not made any retroactive change to the Guidelines that deal with obstructing justice. There is accordingly no appellate issue concerning the district court's conclusion that Curtis's revised range is 240 to 262 months' imprisonment.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.