NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010
Decided January 26, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-1336

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-cr-49-bbc |
| WILLIE HERRON, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Willie Herron pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and we upheld his conviction and sentence of 188 months' imprisonment. *United States v. Herron,* 139 F. App'x. 750, 752 (7th Cir. 2005). After the Sentencing Commission retroactively reduced the base offense level for most crack offenses, *see* U.S.S.G. supp. to app. C, 221-26, 253 (2008) (Amendments 706 and 713), Herron requested the district court to lower his sentence, *See* 18 U.S.C. § 3582(c)(2), and asked for a reduced sentence of 130 months' imprisonment, the bottom of the amended guidelines range, in spite of the fact that his original sentence had been at the top of the former guidelines range. The district court agreed to reduce Herron's sentence and chose a prison term of 146 months, the

middle of the new range. Herron appeals, but his appointed counsel after review moves to withdraw because he cannot identify any nonfrivolous argument. *See Anders v. California*, 386 U.S. 738 (1967). Herron failed to respond to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel presents only one potential argument in his brief. He considers arguing that the district court abused its discretion by sentencing Herron to the middle instead of the bottom of the new sentencing range. Counsel concluded that this argument would be frivolous, and we agree. Section 3582(c)(2) permits, but does not require that the district court reduce Herron's prison sentence, *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), and § 3582(c)(2) does not entitle the defendant to a full resentencing. *See United States v. Young*, 555 F.3d 611, 614-15 (7th Cir. 2009). Imposition of the sentence is discretionary within the guideline range and the district court must determine what the defendant's guideline range would have been if the amended guidelines had been in effect at the time of the original sentencing, *see* U.S.S.G. § 1B1.10(b)(1), and consider the extent to which a reduction is warranted, *see id.* § 1B1.10 cmt. n.1(B); *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009). Here the district court did consider just that. The court addressed the 18 U.S.C. § 3553(a) factors that had prompted Herron's original sentence. The court also weighed Herron's argument that the disparity between crack and powder cocaine supported a lower sentence against the government's position that Herron's original top-of-the-range sentence warranted a resentencing at the top of the amended range. After considering these countervailing interests, the sentencing court concluded that 146 months' imprisonment sufficiently carried out the statutory purposes of sentencing. Section 3582(c)(2) confers broad discretion upon the district court to determine the appropriate extent of a reduction, *see Young*, 555 F.3d at 614-15, and based on this record we refuse to conclude that the judge abused this discretion.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.