NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2010*
Decided November 8, 2010

*Before*

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff-Appellee, <br><br> No. 10-2020        v. <br><br> TERRELL AGEE, <br>     Defendant-Appellant. | ] Appeal from the United <br> ] States District Court for <br> ] the Northern District of <br> ] Illinois, Eastern Division. <br> ] <br> ] No. 1:99-cr-00397-7 <br> ] <br> ] Wayne R. Andersen, Judge. |

O R D E R

There is only one question we need to resolve in this appeal. Did the district court abuse its discretion when it denied Terrell Agee's second motion to reduce sentence? The answer is an unqualified "No".

---

*This appeal is successive to Appeal 04-2045 and has been submitted to this panel under Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal, therefore, is submitted on the briefs and record.

Agee's second motion, just like his first, sought a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's amended Sentencing Guideline for crack cocaine. In its order denying Agee's first motion, the district court pointed out that "Agee was re-sentenced [on June 5, 2008] using the amended statute" and therefore "is not entitled to a reduction in sentence". See Order of July 29, 2009. We dismissed Agee's appeal of this order because it was untimely. See Appeal No. 09-3203.

The district court thought Agee's second motion, filed within weeks of this court's dismissal of Appeal No. 09-3203 as untimely, was a belated attempt to seek review of both his sentence and the denial of his first motion to reduce sentence. Further, the court again pointed out that "the revised guidelines [on cocaine base] were already taken into account when determining Agee's current sentence". See Order of April 12, 2010.

Agee's brief presents no argument to suggest that either explanation for the denial of his second motion to reduce sentence (the only order under review), let alone both explanations, constituted an abuse of discretion. His conclusory claim that one of the two reasons for denying his motion is "untrue" is insufficient. As such, we can hardly say that the district court abused its discretion in denying Agee's second motion to reduce sentence. See *United States v. Hall*, 600 F.3d 872, 875-76 (7th Cir. 2010); *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009).

The order of the district court is AFFIRMED.