NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012[*]
Decided October 25, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1661

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-40095 |
| WILLIE B. PARKS, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Willie B. Parks appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments that retroactively lowered the base offense level for his crack-cocaine offense. *See* U.S.S.G. App. C., Amend. 748, 750, 759. The district court denied the motion because of Parks' post-sentencing conduct. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

While buying and selling crack cocaine in the Quad Cities, Parks unwittingly arranged to meet a police informant in the business district of Rock Island, Illinois, and soon found his van surrounded by police. He ignored commands to stop and tried to speed away, hitting one officer with his van before crashing into a tree. Parks pleaded guilty to possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1) and (b)(1)(B), and two gun crimes. *See* 18 U.S.C. § 924(c)(1)(A); 18 U.S.C. §§ 922(g), 924(a)(2). Determining that Parks was responsible for 77 grams of crack cocaine, the court sentenced him below the guidelines range (188–235 months) to 180 months. *See* U.S.S.G. § 2D1.1(c)(5) (2008). Parks filed a notice of appeal, but we dismissed his appeal after his lawyer filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that Parks had no nonfrivolous issues to pursue. *United States v. Parks*, 352 Fed. Appx. 107 (7th Cir. 2009).

Parks moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) after the Sentencing Commission retroactively decreased the base offense level for his crack-cocaine offense by four. *See* U.S.S.G. App. C., Amend. 750, 759. Because he had originally received a below-guidelines sentence, he sought a sentence at the bottom of the new range of 121 to 151 months. *See* U.S.S.G. § 2D1.1(c)(7). The judge declined to reduce his sentence after analyzing three incidents of prison misbehavior: a fight between Parks and another inmate, a homemade knife found in his cell, and a contraband cellphone found in his locker. Although he did not deny the conduct, Parks tried to excuse the behavior based on the harsh difficulties of prison life and argued that he had already been sanctioned at the institutional level with the loss of good time. The district court commended Parks for completing prison programs and classes, but concluded that the severity of his prison misconduct made it inappropriate to reduce his sentence.

On appeal, Parks asserts that the retroactive amendments are a nondiscretionary change in the law. He also argues that the district court abused its discretion by relying on his prison infractions without considering other factors such as his loss of good time or the sentencing factors under 18 U.S.C. § 3553(a).

Parks misconstrues the nature of § 3582(c)(2) motions. First, § 3582(c)(2) motions are discretionary and must be consistent with the Sentencing Commission's policy statements. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). Second, under the applicable policy statements, courts may consider post-sentencing conduct when determining "whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10, cmt. n.1(B)(iii); *United States v. Young*, 555 F.3d 611, 613 (7th Cir. 2009). The judge here reasonably found a reduction inappropriate given that the fight, knife, and cellphone posed grave security risks and demonstrated a pattern of serious misconduct. Having concluded that a reduction was inconsistent with the policy statement on post-sentencing conduct, the court did not need to discuss 18 U.S.C. § 3553(a) factors because they are relevant only

"within the limits of the applicable policy statements." *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009); *see* 18 U.S.C. § 3582(c)(2).

Parks's remaining arguments require little discussion. He maintains that he should have been resentenced under *United States v. Booker*, 543 U.S. 220 (2005), and that the court relied on incorrect drug amounts at his original sentencing. Both arguments lack merit because § 3582(c)(2) does not authorize the judge to conduct a resentencing or reconsider facts decided at the original sentencing. *Dillon*, 130 S. Ct. at 2694.

AFFIRMED.