**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 20, 2017[*]
Decided June 22, 2017

Before

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 17-1363 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 99-cr-40026-JPG |
| WILLIAM L. CURTIS, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**Order**

   After the Sentencing Commission reduced the Guidelines range for crack-cocaine offenses, and made those changes retroactive, William Curtis asked the district judge in 2009 to reduce his sentence under 18 U.S.C. §3582(c)(2). Curtis's

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

sentence (imposed in 2001) was 327 months, and his new range was 240 to 262 months. The district judge declined to reduce Curtis's sentence, stating that his crime, criminal history, and associated conduct, such as the use of a minor in a drug business, were very serious and would have justified a life sentence, if the statutes and original Guidelines had permitted it. We affirmed that decision on appeal, stating that the district judge's authority to reduce a sentence under §3582(c)(2) does not entitle a defendant to a favorable exercise of discretion. It is enough if the judge takes the application seriously and provides a reasoned, and reasonable, explanation for sticking with the sentence originally imposed. *United States v. Curtis*, No. 09-3213 (7th Cir. Dec. 14, 2009) (nonprecedential decision).

After our decision, the Sentencing Commission reduced the Guidelines ranges for most drugs and made the new drug table retroactive. Curtis's revised "range" is exactly 240 months, set by the statutory minimum for his offenses. He filed a new application under §3582(c)(2). The district judge again denied it, for the same reasons he had denied Curtis's first application. The judge stated that he continues to believe that 327 months is the lowest appropriate sentence.

Only two things have changed since our 2009 decision: the Sentencing Commission again reduced the Guidelines range for cocaine offenses, and Curtis has been found guilty of two infractions against prison rules (interfering with security devices and possession of a forbidden cell phone). If the judge had the discretion to stick with a 327-month sentence in 2009, he had discretion to do so in 2017 as well. For the reasons given in our order of 2009, the district judge's latest decision is

AFFIRMED.