**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided August 28, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3525

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06-cr-0896-2 |
| SALVADOR ROSALES, <br> *Defendant-Appellant*. | Sharon Johnson Coleman, <br> *Judge*. |

**O R D E R**

Nearly a decade after a jury found Salvador Rosales guilty of multiple cocaine offenses, *see* 21 U.S.C. §§ 841(a)(1), 846, he moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), relying on Amendment 782 to the Sentencing Guidelines. The district court denied Rosales's motion because his 240-month sentence was based on a statutory minimum, so Amendment 782 did not affect his sentencing range. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Before Rosales's trial, the government filed the required notice that it would seek a statutory minimum of 20 years' imprisonment based on a prior felony drug conviction. *See* 21 U.S.C. § 851. That notice contained an error about the offense of conviction, which the government remedied with an amended information before sentencing. At the sentencing hearing in 2010, the district court explained that, under the Sentencing Guidelines, Rosales had a base offense level of 34 and criminal history of III, yielding a range of 188 to 235 months in prison. But the court then determined that the § 851 enhancement changed that guideline range to the statutory minimum of 240 months in prison. *See* 21 U.S.C. § 841(b)(1)(A)(ii) (2010); U.S.S.G. § 5G.1.1(b). The district court sentenced Rosales to 240 months' imprisonment, and we affirmed the judgment. *See United States v. Gaya*, 647 F.3d 634 (7th Cir. 2011).

Rosales later moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). He argued that Amendment 782 to the Sentencing Guidelines, which retroactively lowered the base offense level for drug offenses, qualified him for a shorter sentence. *See* U.S.S.G. Supp. to App. C, Amend. 782 (2014); U.S.S.G. § 1B1.10. Explaining that Amendment 782 did not reduce his guidelines range, which was the statutory minimum by virtue of U.S.S.G. § 5G.1.1(b), the district court denied the motion.

Rosales challenges that ruling on appeal, but the district court was correct. A district court may reduce a sentence under § 3582(c)(2) only if it was "based on" a guidelines range that has been subsequently lowered by the Sentencing Commission. *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018); *Dillon v. United States*, 560 U.S. 817, 825–26 (2010). Because Rosales's sentence resulted from a statutory minimum, Amendment 782 did not lower his guidelines range, and his sentence cannot be reduced under § 3582(c)(2). *See United States v. Johnson*, 747 F.3d 915, 917 (7th Cir. 2014).

Rosales also contends that he is entitled to a reduction because of the error in the original § 851 information. Not only did we deem this error "beyond harmless" on direct appeal, *Gaya*, 647 F.3d at 642, the challenge falls outside the scope of a § 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 831.

Finally, Rosales argues that the district court erred by not giving him notice or the opportunity to be heard before ruling on his motion. But defendants are not afforded the same procedural rights during proceedings on a § 3583(c)(2) motion that they have during sentencing proceedings. *United States v. Young*, 555 F.3d 611, 615–16 (7th Cir. 2009). We give deference to the district court's decision on how to proceed, *id.* at 612, and have declined to identify any "minimum procedural protections." *Id.* at

615. Rosales does not explain how any prejudice resulted from the district court's ruling on his fully briefed motion without his further input, and because the question of his eligibility for a reduction was purely legal in nature, we cannot imagine any.

AFFIRMED