NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021[*]
Decided July 28, 2021

*Before*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3420

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:11-CR-30053-NJR |
| RAYMOND GLASPER, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

## O R D E R

Raymond Glasper, a federal inmate who previously tested positive for COVID-19, moved for compassionate release asserting that his health conditions would increase the risk of severe complications if he were infected again. The district court found that Glasper did not show that his medical conditions—even in light of the pandemic—constituted an extraordinary and compelling reason for release. The court

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

also reasoned that the sentencing factors under 18 U.S.C. § 3553(a) weighed against release. Because the court did not abuse its discretion in denying the motion, we affirm.

Glasper pleaded guilty in 2011 to production of child pornography, 18 U.S.C. § 2251(a), for secretly filming his teenage daughter and elementary-school-aged niece while they bathed and slept. He is currently serving his 240-month prison sentence at the low-security Federal Correctional Institution in Forrest City, Arkansas.

In April 2020, Glasper moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), contending that his medical conditions—including hypertension, asthma, and uncontrolled Type 2 diabetes—heightened the risk of serious complications or death from COVID-19. He also asserted that officials at FCI Forrest City were not containing the spread of the virus. The government opposed the motion. Glasper had previously tested positive for the virus but did not present any symptoms, so the government argued that he would not likely suffer serious complications from reinfection. The government also disputed the severity of Glasper's conditions and provided evidence that Glasper did not comply with his diabetes treatment and rarely sought treatment for his other conditions.

The district court denied the motion. It observed that Glasper's medical records showed he had refused treatment for diabetes in prison, his asthma was well controlled, and his hypertension was not severe. The court concluded that these reports undercut his assertion that his medical conditions presented an extraordinary and compelling reason for release. The court went on to explain that, even if Glasper had demonstrated such a reason, the § 3553(a) factors still weighed against granting early release. He had "preyed on two minor females," and "used his status as a family member to gain access"; plus, he had served only a portion—roughly half—of his 20-year sentence.

On appeal, Glasper maintains that the district court erred by discounting his medical issues and his self-improvement while in prison. He further argues that the court wrongly believed the policy statement in U.S.S.G. § 1B1.13 prohibited awarding him relief. The court otherwise exaggerated his danger to the public, Glasper asserts, because he will serve a life term of supervised release and could be placed on an electronic home-monitoring system. Finally, Glasper contends that he was entitled to a hearing before the court decided his motion, though he did not request one.

The district court did not abuse its considerable discretion to determine whether Glasper's medical conditions constituted an extraordinary and compelling reason for

release during the pandemic. The court gave no sign it was "hamstrung" by U.S.S.G. § 1B1.13, as Glasper contends. It recognized its authority to "look beyond" that policy statement and relied on the statement to guide, not constrain, its analysis consistent with our later decision in *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). In conducting this guided analysis, the court considered Glasper's conditions individually and cumulatively, as was required. *See United States v. Newton*, 996 F.3d 485, 490–91 (7th Cir. 2021). It then reasonably concluded that, because prison officials were adequately managing Glasper's asthma and hypertension—and he was refusing treatment for his diabetes—his conditions were not severe enough to constitute an extraordinary and compelling reason. The court acknowledged that Glasper had tested positive for COVID-19 but did not err by recognizing that his lack of symptoms weighed against his argument that he was extraordinarily vulnerable if reinfected.[1]

Even if the district court had erred in assessing Glasper's medical conditions, it nevertheless acted well within its discretion by denying relief on the independent ground that the § 3553(a) factors weighed against early release. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The court reasonably inferred that Glasper could still endanger the community based on the seriousness of his offense—preying on two underage relatives and taking pornographic photos and videos of them. *See* § 3553(a)(1), (2)(C). Glasper's argument that any danger could be avoided if he were subject to home monitoring is particularly unpersuasive when his offense happened in his home. Glasper otherwise insists that his past is outweighed by his rehabilitative efforts and that the court should have acknowledged his improvement, but the court did not need to provide a detailed explanation of every § 3553(a) factor to assure us it considered his arguments. *See United States v. Sanders*, 992 F.3d 583, 588 (7th Cir. 2021). The court permissibly determined that early release would not reflect the seriousness of

---

[1] In two recent opinions, we addressed the effect of the vaccine rollout on motions for compassionate release based on medical risks presented by COVID-19 in the prison setting. In *United States v. Broadfield*, No. 20-2906, --- F.4th ---, 2021 WL 3076863 (7th Cir. July 21, 2021), we held that prisoners with access to a vaccine may not rely on the risk of COVID-19 as an extraordinary and compelling reason for release. And in *United States v. Ugbah*, No. 20-3073, --- F.4th ---, 2021 WL 3077134 (7th Cir. July 21, 2021), we observed that it would be an abuse of discretion for a district judge to find that the risk of COVID-19 constitutes a reason for release when the prisoner does not contend that he is medically unable to be vaccinated. Glasper has not asserted that he is unable to receive a vaccine for medical reasons or otherwise, but even if he were, we would affirm the judgment based on the reasons given by the district judge.

Glasper's crime, promote respect for the law, or provide just punishment when he had served only about half of his twenty-year sentence. *See* § 3553(a)(2)(A); *Saunders*, 986 F.3d at 1078.

Finally, we reject Glasper's argument that he was entitled to a hearing. The court was free to decide the motion on the record before it. *See* FED. R. CRIM. P. 43(b)(4) (permitting ruling on sentence reduction outside defendant's presence); *United States v. Young*, 555 F.3d 611, 615–16 (7th Cir. 2009) (highlighting court's discretion over hearings on § 3582(c)(2) motions); *see also United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (explaining that compassionate-release statute does not mandate hearing).

We have considered Glasper's other arguments, and none merits discussion.

AFFIRMED