[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-12530

_____

D. C. Docket No. 07-00004 CR-5-RS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN B. MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 17, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON, Circuit Judge, and COHILL,*
District Judge.

PER CURIAM:

_____
*Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of
Pennsylvania, sitting by designation.

Oral argument was held in this case on October 2, 2008. We first address Moore's several challenges to his conviction. First, we reject Moore's challenge to the officer's initial stop of his vehicle. We conclude that the initial stop was amply supported by reasonable suspicion. The officer noted that the license tag was unusually clean compared to the car, and that Moore was attempting to keep the other cars between his car and the patrol car. The officer checked the registration of the vehicle's license plate, and learned that it was not recorded in the DHSMV system. Although there were possible innocent explanations for the absence of a registration for this vehicle and this license tag in the computer system, that absence may also have been an indication that the vehicle was stolen or that an old (and no longer registered) license plate was being used improperly. Accordingly, the officer had reasonable suspicion to make an investigatory stop to examine the registration.

Second, Moore seeks to suppress the evidence seized in the subsequent search of the car Moore was driving. However, Moore's only challenge to the search in the instant case is that the evidence should be suppressed because the evidence was fruit of the poisonous tree, i.e., the allegedly illegal initial stop. Because we hold that the initial stop was entirely legal, Moore's argument fails.

Third, Moore argues that the district court erred by finding that Moore

waived his <u>Miranda</u> right to counsel by reinitiating questioning with Agent Kane. There is some ambiguity as to whether Moore ever unequivocally asserted his right to counsel. Even assuming arguendo that Moore did unequivocally assert his right to counsel, the district court made a finding of fact that Moore reinitiated questioning and waived his right to counsel. After police officers unsuccessfully attempted to contact Moore's attorney, Agent Kane attempted to end the interview. When Agent Kane attempted to leave the room, Moore grabbed his arm and begged him to stay. While Moore was left alone, he repeatedly asked officers to come back and talk to him. In order to ensure that Moore did desire to reinitiate the interview and waive his right to counsel, Agent Kane had Moore state in front of several witness that he desired to speak to Agent Kane without counsel present. In addition, Agent Kane had Moore sign a second <u>Miranda</u> waiver form. We cannot conclude that the district court clearly erred in its finding of fact that Moore waived his right to counsel by reinitiating questioning.

Fourth, Moore argues that his mother and father were excluded from the courtroom during the jury selection process. He argues that this violated the Sixth Amendment provision that all criminal trials shall be public. However, because there was no objection in the district court, and because the record provides no support for Moore's allegation, we conclude that he has not preserved the issue for

3

appeal.

Moore's <u>Batson</u> claim is also waived because he made no objection in the district court. With respect to Moore's argument on appeal challenging the district court's failure to give jury instructions concerning similar acts and multiple conspiracies, Moore also failed in the district court either to request such instructions or to object to the failure to give same. We cannot conclude that the district court committed plain error in failing to <u>sua sponte</u> give those instructions.

With respect to Moore's sentence, we reject without need for further discussion Moore's challenge to the §851 notice and proceedings. However, we note that the government concedes that the Judgment and Commitment Order erroneously reflects the jury's findings with respect to the amount of drugs for which Moore was found guilty. With respect to Count I, the government asserts, and Moore concedes, that the error did not affect the sentence imposed. However, with respect to Count II, the government concedes that the error did affect the sentence, and that the district court erroneously believed that Moore's conviction on Count II carried a mandatory life sentence. Accordingly, the government concedes that Moore's sentence with respect to Count II should be vacated, and the case remanded to the district court for resentencing as to Count II. Because the district court's error with respect to Count I did not affect the sentence imposed

4

with respect to Count I, we leave undisturbed the district court's sentence with respect to Count I (which includes the mandatory life sentence and the supervised release term of 10 years). However, even with respect to Count I, the district court on remand is directed to correct the clerical error in the Judgment and Commitment Order so that the judgment is consistent with the jury verdict.

Accordingly, Moore's convictions are AFFIRMED, and his sentence with respect to Count I is AFFIRMED, but Moore's sentence on Count II is VACATED and the case is REMANDED for resentencing on Count II. In addition, the district court on remand is instructed to correct the clerical error in the Judgment and Commitment Order so that the judgment is consistent with the jury verdict.

AFFIRMED in part, VACATED in part, and REMANDED.