[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13265
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00004-CR-5-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN B. MOORE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(March 30, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This is Martin B. Moore's second direct appeal of his sentence. In this

appeal, Moore challenges his life sentence imposed on remand for his conviction for possession with intent to distribute cocaine and five grams or more but less than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(B)(iii), and (b)(1)(C) (Count Two). After review, we affirm the district court's calculation of Moore's advisory guidelines range on Count Two as being life imprisonment. However, we must again vacate Moore's life sentence on Count Two because the district court erred in treating life imprisonment as a mandatory sentence and remand for resentencing consistent with this opinion.

A jury convicted Moore of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (Count One) and possession with intent to distribute cocaine and cocaine base (Count Two). The district court imposed two concurrent life sentences. On direct appeal, this Court affirmed Moore's convictions and his life sentence with respect to Count One, but remanded for resentencing on Count Two because the district court "erroneously believed that Moore's conviction on Count II carried a mandatory life sentence." United States v. Moore, 303 F. App'x 767, 769 (11th Cir. 2008) ("Moore I").[1] On remand, the district court entered an order reimposing a concurrent life sentence on Count Two,

_____

[1]The Court also remanded so the district court could fix a clerical error in the judgment and commitment order, but explicitly left "undisturbed" the life sentence on Count One. Moore I, 303 F. App'x at 769.

stating that this sentence was "mandatory."

## I. Calculation of Guidelines Range

We first explain why Moore's advisory guidelines range is life imprisonment.

Moore does not dispute that his offenses were properly grouped together for purposes of determining his combined offense level under Part D of Chapter Three of the Sentencing Guidelines. As Moore's Presentence Investigation Report noted, his "unrestricted" guidelines range was 292 to 362 months based on his offense level of 38 and his criminal history category of III. However, because the statutory mandatory minimum of life on Count One was greater than the high end of that guidelines range of 362 months, Moore's advisory guidelines sentence became life imprisonment pursuant to U.S.S.G. § 5G1.1(b).[2] In short, while life was the statutory mandatory minimum on Count One, life was the advisory guidelines sentence, not the statutory minimum, on Count Two.

Further, under U.S.S.G. § 5G1.2(b), when there are multiple counts of conviction, the sentence imposed on each count is the "total punishment" as calculated under the relevant portions of the guidelines.[3] The commentary to

_____

[2]See U.S.S.G. § 5G1.1(b) (providing that a "statutorily required minimum sentence" is the guideline sentence when it "is greater than the maximum of the applicable guideline range").

[3]Section 5G1.2(b) states:
Except as otherwise required by law (see §5G1.1(a),(b)), the sentence imposed on

§ 5G1.2 defines "total punishment" as the "combined length of the sentences." U.S.S.G. § 5G1.2(b) cmt. n.1.  Because Moore faced a mandatory life sentence on Count One, his "combined length of sentences," or total punishment, was life. Moore's argument that § 5G1.1(b) applies only when there are single counts of conviction is unavailing.  Section 5G1.2(b) explicitly refers to § 5G1.1(b) in explaining how to determine the total punishment.

The commentary also states that the sentences should run concurrently "to the extent allowed by the statutory maximum sentence of imprisonment for each count of conviction."  Id.  Where at least one count has a "statutory maximum adequate to permit imposition of the total punishment as the sentence on that count," then the sentences on the other counts are "set at the lesser of the total punishment and the applicable statutory maximum" and are run concurrently with the longest sentence.  Id. (emphasis added).

Here, Moore's "total punishment" was life imprisonment, and his applicable statutory maximum on Count Two was also life imprisonment.  Thus, the district court did not err in concluding that Moore's advisory guidelines sentence on Count

_____

each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter.

U.S.S.G. § 5G1.2(b).  Part D of Chapter Three addresses how to group multiple counts of conviction in order to determine the combined offense level used to calculate the advisory guidelines range.  See U.S.S.G. §§ 3D1.1 to 3D1.5.  Part C of Chapter 5 addresses the imposition of terms of imprisonment using the Sentencing Table and the application of safety-valve relief to certain statutory mandatory minimums.  See U.S.S.G. §§ 5C1.1 to 5C1.2.

Two was a concurrent life sentence.[4]

## II. Advisory v. Mandatory

The government concedes, and we agree, that the district court appears to have mistakenly believed that a life sentence as to Count Two was mandatory rather than advisory. However, Count Two carries a statutory mandatory minimum of ten years' imprisonment, not life. See 21 U.S.C. § 841(b)(1)(B) (providing that, if a violation involves five grams or more of cocaine base and if the defendant has a prior felony drug conviction, the defendant faces a term of imprisonment not "less than 10 years and not more than life imprisonment"). While Moore's advisory guidelines range under Count Two was life imprisonment, the district court erred to the extent it treated that guidelines range as binding. See United States v. Booker, 543 U.S. 220, 246, 125 S. Ct. 738, 757 (2005) (holding that the Sentencing Guidelines are advisory rather than mandatory).

Accordingly, we affirm the district court's calculation of Count Two's

---

[4]We also reject Moore's argument that the district court was required to hold a resentencing hearing. In Moore I, this Court issued only a limited remand as to Count Two; it did not vacate Moore's sentence in its entirety. Further, given that this Court affirmed Moore's life sentence on Count One, any sentence imposed on remand as to Count Two would not have made Moore's total sentence more onerous. See United States v. Tamayo, 80 F.3d 1514, 1518-20 (11th Cir. 1996) (concluding that the district court does not commit reversible error in failing to give the defendant an opportunity to allocute during resentencing when the remand was limited and "the modification does not make the sentence more onerous"); United States v. Taylor, 11 F.3d 149, 151 (11th Cir. 1994) (concluding that a defendant's right to be present and allocute extends to resentencing when the "original sentencing package is vacated in its entirety on appeal and a case is remanded for resentencing").

guidelines sentence of life imprisonment, but vacate Moore's sentence as to Count Two and remand to permit the district court to resentence Moore on Count Two in light of the advisory nature of that guidelines sentence and the factors in 18 U.S.C. § 3553(a).[5]  We express no opinion, however, as to what sentence the district court should impose after considering the advisory guidelines sentence and the § 3553(a) factors.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

---

[5]As this is a limited remand, the parties may not reargue issues already and necessarily decided during the previous sentencing proceedings that either have been affirmed on appeal or could have been but were not raised on appeal.  See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) (explaining that when the appellate court issues a limited mandate, "the trial court is restricted in the range of issues it may consider on remand").